355 So.2d 119 (1978)
Effie Sharon BROOKS and Richard L. Brooks, Her Husband, Appellants,
v.
Walter A. CERRATO, M.D., C.M. Aker, Curtis G. Wherry, James A. Sasser and Walter A. Cerrato, P.A., St. Paul Fire & Marine Insurance Company, a Foreign Corporation, and Ben C. Storey, M.D., Appellees.
No. 76-2158.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
Rehearings Denied March 9, 1978.
Larry Sands of Larry Sands, P.A., Daytona Beach, for appellants.
Michael P. Falkowski of Hoffman, Hendry, Parker & Smith, Orlando, for appellees-Cerrato, Aker, Wherry, Sasser, and St. Paul.
Charles Abbott and Carl D. Motes of Maguire, Voorhis & Wells, P.A., Orlando, for appellee-Storey.
ALDERMAN, Chief Judge.
The patient in a medical malpractice case appeals from a summary final judgment in favor of two doctors and other related defendants. The trial court found that there was no genuine issue as to any material fact and held as a matter of law that the plaintiff's claim was barred by the statute of limitations. We must determine first which of two statutes of limitations is applicable and then whether the record supports the trial court's conclusion. We hold that the applicable statute is Section 95.11(6), Florida Statutes (1973), and find that there are genuine issues of fact which preclude summary judgment.
The plaintiff suffers from nerve-tissue tumors known as neurofibromas. While living in South Carolina in 1965 the plaintiff had two masses of neurofibromas removed from the back of her neck and another from her left leg. Later in South Carolina she had neurofibromas removed from various parts of her body on three other occasions. Several months before the medical incident in question she moved to Florida. While in Florida she noticed that two masses on each side of her neck were growing. She became concerned and consulted *120 the defendant Dr. Storey. After examination of the plaintiff and review of her medical history from South Carolina, Dr. Storey had her admitted to the hospital. At the request of Dr. Storey the plaintiff was seen by the defendant Dr. Cerrato. Both doctors concluded that the tumor masses should be removed surgically. The operation was performed by Dr. Cerrato. During the course of the operation a portion of the deltoid nerve in plaintiff's neck was damaged. As a result plaintiff no longer has the full use of her right arm.
The operation was performed on February 8, 1973, and this suit was filed on June 27, 1975. At that time Section 95.11(6), Florida Statutes (1973), provided that actions for medical malpractice could be commenced only within two years, and that the cause of action in such cases is not deemed to have occurred until the plaintiff discovers, or through use of reasonable care should have discovered, the "injury". The effective date of this statute was July 1, 1972. It replaced the four-year statute of limitation which formerly governed in medical malpractice cases. Foley v. Morris, 339 So.2d 215 (Fla. 1976). The statute was amended effective January 1, 1975, to provide a two-year period of limitation in malpractice cases to run from the time the "cause of action" is discovered or should have been discovered with the exercise of due diligence. Section 95.11(4), Florida Statutes (Supp. 1974). The 1974 statute contains a "saving clause" which provides that any action barred when the act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976. Section 95.022, Florida Statutes (Supp. 1974).
The plaintiff contends that Section 95.11(4) should be applied retroactively and is the operative statute in this case. Before a statute of limitations can be applied retroactively there must be a clear manifestation of legislative intent that it be given retroactive effect. Foley v. Morris, supra. The plaintiff attempts to find such an intent in the savings clause; however, the grace period allowed clearly pertains to causes of action which were shortened by the amended statute. The limitation period for malpractice remained the same. Therefore, in the absence of any express, clear or manifest legislative intent to apply Section 95.11(4) retroactively, we conclude that it does not apply to causes of action occurring prior to its effective date. We hold that the applicable statute of limitations in this case is Section 95.11(6), Florida Statutes (1973).
Since this suit was filed on June 27, 1975, we must determine if there is any genuine issue of fact as to whether the plaintiff discovered, or through use of reasonable care should have discovered, the injury prior to June 27, 1973. When the plaintiff woke up from the operation on February 8, 1973, her arm hurt and she could not lift it, but she thought that it would improve and she attributed the paralysis to an expected general physical weakness after surgery. It is undisputed that the plaintiff had actual knowledge of her injury in August 1973, when she was told by another doctor that she could not use her arm because of a damaged nerve in her neck. However, the record is not clear and the defendants have not conclusively shown that the plaintiff discovered, or through use of reasonable care should have discovered, prior to June 27, 1973, that an injury (as opposed to a mere temporary post operative symptom) had occurred. Compare: Salvaggio v. Austin, 336 So.2d 1282 (Fla.2d DCA 1976). There are disputes as to what explanations, if any, the defendants gave concerning the paralyzed arm. Both Dr. Storey and Dr. Cerrato knew that the plaintiff's deltoid nerve had been damaged, but the evidence is conflicting as to whether they ever told the plaintiff. It has been held that the fiduciary, confidential relationship of physician-patient imposes on the physician a duty to disclose known facts. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). Failure to perform this duty may toll the statute of limitations. There is also some indication of affirmative misrepresentation by Dr. Cerrato. We conclude that genuine issues of fact exist as to when the *121 statute of limitations started to run and that summary judgment should not have been entered.
REVERSED and REMANDED.
DOWNEY, J., concurs.
LETTS, J., concurs specially.
LETTS, Judge, concurring specially.
I agree with Judge Alderman but think it worth while to explain Dr. Storey's involvement. Dr. Storey did not perform, or assist in, the operation complained of, and my first inclination was to affirm the trial court as to him. However, a reading of Dr. Storey's own testimony indicates that he had more than one discussion with the patient, after the operation, and told her, for example: "I explained to her that she would probably end up with a permanent paralysis."
The patient appellee denies that any conversation regarding permanent paralysis took place. Notwithstanding, the fact issue thus raised bears on the question of whether Dr. Storey would have a duty to disclose his knowledge of the cut nerve and as to whether he did, or did not.