400 So.2d 965 (1981)
HOMEMAKERS, INC., Petitioner,
v.
Linda GONZALES, Respondent.
MEDICAL PERSONNEL POOL OF DUVAL COUNTY, INC., Petitioner,
v.
Linda GONZALES, Respondent.
Nos. 55962, 55976.
Supreme Court of Florida.
July 2, 1981.
Kathryn R. Collins of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for Homemakers, Inc.
John I. Todd, Jr., Jacksonville, for Medical Personnel Pool of Duval County, Inc.
James L. Harrison of Harrison & Snyder, Jacksonville, for respondent.
ADKINS, Justice.
We have for review a decision of the First District Court of Appeal reversing a trial court's order of summary judgment. Gonzales v. Jacksonville General Hospital, Inc., et al., 365 So.2d 800 (Fla. 1st DCA 1978). The First District Court of Appeal's decision directly conflicts with a decision of the Fourth District on the same point of law, i.e., the effect of subsequent amendments upon the application of section 95.11(6), Florida Statutes (1973). Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
On the evening of April 2, 1973, a nurse at Jacksonville General Hospital (hereinafter JGH) gave Linda Gonzales an injection in the buttocks. Mrs. Gonzales immediately experienced pain, and reported the incident to a supervisor. Over two years later, on November 12, 1975, Mrs. Gonzales filed a mediation claim against JGH alleging that she was permanently disfigured as a result of the careless and negligent administration of the injection. JGH then named Homemakers, Inc., and Medical Personnel Pool (hereinafter MPP) as third party defendants in the mediation proceeding, claiming that one of these services had supplied the nurse who gave the injection. Later, the claim for medical malpractice was dismissed by stipulation of the parties.
*966 On July 9, 1976, Gonzales initiated the present action in circuit court. JGH was the only named defendant, but again Homemakers and MPP were joined as third party defendants. In the second amended complaint Homemakers and MPP were added as defendants. All three defendants raised the statute of limitations as a defense and final summary judgment was entered in favor of each of them. Mrs. Gonzales appealed from the orders of summary judgment entered in favor of Homemakers and MPP.
The First District Court of Appeal reversed the trial court and held that the action was not barred by the statute of limitations. Appellees, Homemakers and MPP, thereafter sought certiorari review in this Court.
Whether or not Mrs. Gonzales' claim is barred by the statute of limitations depends on our construction and application of the statute, as it stood when her cause of action accrued, and the subsequent amendments thereto. § 95.11(6), Fla. Stat. (1973); §§ 95.022, 95.11(4)(a), Fla. Stat. (Supp. 1974); § 95.11(4)(b), Fla. Stat. (1975). The cause of action here accrued on April 2, 1973. On that date, when Mrs. Gonzales experienced pain from the injection, she discovered or should have discovered the injury.
The statute of limitations in force on April 2, 1973, was section 95.11(6), Florida Statutes (1973), which provided in part:
Limitations upon actions other than for the recovery of real property.  Actions other than those for the recovery of real property can only be commenced as follows:
.....
(6) WITHIN TWO YEARS.  ... [A]n action to recover damages for injuries to the person arising from any medical ... treatment ..., the cause of action in such cases not to be deemed to have accrued until the plaintiff discovers, or through the use of reasonable care should have discovered, the injury.
Clearly, had section 95.11(6) remained unamended until April 3, 1975, Mrs. Gonzales' cause of action would be barred by the statute, since no action of any kind was begun until November 12, 1975. However, section 95.11(6) was amended by section 95.11(4)(a), Florida Statutes (Supp. 1974), effective January 1, 1975. The amended statute provided:
WITHIN TWO YEARS. 
An action for professional malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
§ 95.11(4)(a), Fla. Stat. (Supp. 1974). Also pertinent is the "savings clause" which accompanied the 1974 revision:
Effective date; saving clause.  This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
§ 95.022, Fla. Stat. (Supp. 1974). Finally, the statute was amended a second time in early 1975, with the legislature providing separately for medical malpractice and other forms of professional malpractice:
WITHIN TWO YEARS. 
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued... .
The limitation of actions within this subsection shall be limited to the health-care provider and persons in privity with the provider of health care.
.....
*967 § 95.11(4)(b), Fla. Stat. (1975) (effective date May 20, 1975).
In finding that Mrs. Gonzales' action was not barred by the statute of limitations, the First District Court of Appeal held that upon January 1, 1975, the amended section 95.11(4)(a) became applicable to then-existing causes of action, superseding section 95.11(6). The Court then found section 95.11(4)(a), applying to actions for professional malpractice, inapplicable due to a perceived lack of the required privity between appellee Gonzales and appellants Homemakers and MPP. Instead the Court classified the action as one founded on negligence or alternatively as one not specifically provided for in the statute. Either classification carries a four-year period of limitation. §§ 95.11(3)(a), (p), Fla. Stat. (Supp. 1974). The circuit court action filed on July 9, 1975, clearly is not barred under a four-year statute.
The Fourth District had encountered a practically identical scenario eleven months earlier in Brooks v. Cerrato, supra. In that case, the plaintiff lost the use of an arm after surgery to remove a tumor from her neck. The action accrued February 8, 1973, and suit was filed on June 27, 1975. The Court found the action to be barred by the two-year statute of limitations. Acknowledging the intervening amendment to section 95.11, the Court stated:
[I]n the absence of any express, clear or manifest legislative intent to apply Section 95.11(4) [Florida Statutes (Supp. 1974)] retroactively, we conclude that it does not apply to causes of action occurring prior to its effective date. We hold that the applicable statute of limitations in this case is Section 95.11(6), Florida Statutes (1973).
355 So.2d at 120.
It is our view that the failure of the court below to follow the reasoning of Brooks with regard to retroactivity leads to an erroneous result in the instant case. The rule was correctly stated in Brooks that a statute of limitations will be prospectively applied unless the legislative intent to provide retroactive effect is express, clear and manifest. See also Foley v. Morris, 339 So.2d 215 (Fla. 1976) (disallowing retroactive application of § 95.11(6), Fla. Stat. (1973)). Reviewing chapter 95 in its entirety we find no express, clear or manifest intent that section 95.11(4), Florida Statutes (Supp. 1974 & 1975) apply retroactively.
The "savings clause" of section 95.022, though considered, offers no evidence of such intent. This clause provides a grace period of one year for causes of action which would be prematurely barred by retroactive application of the new statute of limitations. We determine, as did the Fourth District in Brooks, that section 95.022 was specifically directed only to those sections of chapter 95 whose time periods were shortened by the amended statute, and has no application where time periods remained the same or were lengthened. In fact, the obvious purpose of enacting a savings clause is to satisfy the constitutional mandate that to shorten a period of limitation, the legislature must by statute allow a reasonable time to file actions already accrued. Foley v. Morris, 339 So.2d at 216. Also, decisions of this Court have held that a savings clause, by its nature, "imparts retroactivity upon the statutes within its ambit;" i.e., those which have been shortened by statutory amendment. Carpenter v. Florida Central Credit Union, 369 So.2d 935, 937 (Fla. 1979). It follows that section 95.022, Florida Statutes (Supp. 1974), provides no evidence that the legislature clearly intended retroactive effect for those sections of chapter 95 which either lengthened or retained periods of limitations previously defined.
The impact of our holding in the instant case is that the statute of limitations applicable to Mrs. Gonzales' claim for all purposes is section 95.11(6), Florida Statutes (1973), which provides a two-year period of limitation. Neither of the subsequent amendments to chapter 95 disrupted the application of section 95.11(6) since there is no evidence of legislative intent of retroactivity. In the final analysis, Mrs. Gonzales' claim accrued on April 3, 1973, but no action was taken thereon within two years, so her action is barred by section 95.11(6).
*968 Having so decided, there is no need to determine whether privity exists between petitioners and respondents as required by section 95.11(4)(a), Florida Statutes (Supp. 1974) and section 95.11(4)(b), Florida Statutes (1975). We expressly withhold judgment on that issue.
Accordingly, the judgment of the First District Court of Appeal is hereby quashed, and the cause is remanded with instructions that the trial court's order of final summary judgment finding the cause of action to be barred by the statute of limitations be reinstated.
It is so ordered.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J. dissents with an opinion in which SUNDBERG, C.J., concurs.
ENGLAND, Justice, dissenting.
The Court today adopts the minority view in the United States with respect to the applicability to an accrued but not yet barred cause of action of an extended, as contrasted with a shortened, statute of limitations. See Morton v. Tullgren, 263 Ark. 69, 563 S.W.2d 422 (1978); Annot., 79 A.L.R.2d 1080 (1961). The prevailing view in this country, affording non-barred litigants the benefit of extended statutes of limitations, has for years been accepted and applied in Florida. See Garris v. Weller Construction Co., 132 So.2d 553 (Fla. 1960); Corbett v. General Engineering & Machinery Co., 160 Fla. 879, 37 So.2d 161 (1948); Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (1st DCA 1978), cert. denied, 378 So.2d 348 (Fla. 1979); Neff v. General Development Corp., 354 So.2d 1275 (Fla. 2d DCA 1978); Patterson v. Sodders, 167 So.2d 789 (Fla. 2d DCA 1964); Martz v. Riskamm, 144 So.2d 83 (Fla. 1st DCA 1962). In fact, nothing to the contrary appeared in Florida's jurisprudence until the Fourth District Court of Appeal, out of the blue, applied the retroactivity concerns of shortened statute cases to an extended statute case. See Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla. 1978).
I prefer to adhere to our precedents and the rationale of the majority view. For that reason, I dissent.
SUNDBERG, C.J., concurs.