423 So.2d 482 (1982)
Rufus ALFORD, Administrator of the Estate of Brenda Ann Alford, Deceased, Appellant,
v.
Glenn O. SUMMERLIN, Appellee.
No. AE-33.
District Court of Appeal of Florida, First District.
December 14, 1982.
*483 Anderson E. Hatfield, Gainesville, for appellant.
L. William Graham of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, P.A., Gainesville, for appellee.
ERVIN, Judge.
This is an appeal from a final judgment entered in a medical malpractice action pursuant to the lower court's prior order directing verdict for defendant/appellee on the ground that more than two years had elapsed from the date the alleged negligent acts of the defendant occurred until the action was filed. We affirm.
This is the second time this case has been brought before us. In Alford v. Summerlin, 362 So.2d 103 (Fla. 1st DCA 1978), the issue raised was whether the trial court had erroneously dismissed a complaint filed more than two years after the date of the death of plaintiff's decedent. We held that the order should be reversed because the facts alleged in the complaint revealed that the defendant doctor had fraudulently concealed his negligent treatment of the minor child and fraudulently concealed the cause of death. In so holding, the court determined that Section 95.11(4)(b), Florida Statutes (1975), effective May 20, 1975 (Laws of Florida, 75-9), was controlling. The cause was then remanded to the trial court for further consistent proceedings; appellee affirmatively defended by alleging that the claim was barred by the applicable provisions of Section 95.11 because the cause of action had accrued, and was known or should have been known to plaintiff more than two years before the filing of the action. The case came on for trial, and the court, at the conclusion of plaintiff's case, granted defendant's motion for directed verdict on the ground that plaintiff had failed to prove a prima facie case of fraudulent concealment, because in the court's view plaintiff had not relied upon defendant's alleged misrepresentations, therefore the limitations period could not be tolled. We do not affirm the judgment on the narrow ground reached by the trial court; nor do we address the question posed by appellant whether Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980) (holding that a recipient of a representation may rely upon its truth, even though its falsity could have been discovered had he made an investigation, unless he either knows the representation to be false or its falsity is obvious to him) requires a different result. We rest our decision of affirmance simply upon the fact that an essential allegation pled, that decedent's survivors did not discover the negligence of the defendant until a time more than two years after the death but less than two years before the filing of the complaint, was not established by the evidence. We therefore sustain the lower court's ultimate conclusion that the two-year limitation period was not tolled. In so holding, we consider it necessary to trace the history of the pertinent statutes of limitations that were in effect both at the time of the death of Brenda Alford and when plaintiff allegedly first became aware of defendant's negligence.
Appellant filed his complaint on July 13, 1976, and at trial proved that his daughter, *484 Brenda Alford, died on September 27, 1972, nearly four years before the filing of the complaint. The statute in effect at the time of Brenda's death, Section 95.11(6), Florida Statutes (1971), amended the general four-year limitation period formerly provided in Section 95.11(4) and (6), Florida Statutes (1969), by reducing the time within which to bring such actions to two years, and provided also that "an action to recover damages for injuries to the person arising from any medical, ... or surgical operation, ... [shall] not be deemed to have accrued until the plaintiff discovers, or through the use of reasonable care should have discovered, the injury." The accrual provisions of the amended statute pertaining to personal injury actions did not also encompass wrongful death actions. Neither did the 1974 amendment (Section 95.11(4)(a) and (c), Florida Statutes (Supp. 1974)), extend the notice or accrual provisions to wrongful death actions. See Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979), and Worrell v. John F. Kennedy Memorial Hospital, 384 So.2d 897 (Fla. 4th DCA 1980), affirmed in part, reversed in part, on other grounds, sub nom. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). It was not until the legislative amendments of 1975, see Chapter 75-9, Laws of Florida, effective May 20, 1975, passed as Section 95.11(4)(b) and (d), Florida Statutes (1975), that wrongful death actions were so covered. The amended statute defined "[a]n action for medical malpractice [as including] a claim in tort ... for damages because of the death, injury, or monetary loss to any person arising out of any medical, ..., or surgical diagnosis [or] treatment... ." Section 95.11(4)(b) also required the action be filed "within two years from the time the incident ... occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; ... ." (e.s.).
Unless, then, the 1975 amended statute could be retroactively applied to the time plaintiff allegedly discovered the defendant's negligent acts (November 6, 1974), appellant's cause of action would normally have been required to be filed, by operation of Section 95.11(6), Florida Statutes (1971), within two years from the date of Brenda's death. In 1974, at the same time the legislature enacted Section 95.11(4)(a), Florida Statutes (Supp. 1974), effective January 1, 1975, it also adopted a savings clause which accompanied the 1974 revision. It provided that "any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred." Section 95.022, Florida Statutes (Supp. 1974). It is immediately apparent that the savings clause has no applicability to the cause of action before us since the latter was not filed until July 13, 1976. Additionally, as pointed out by the Florida Supreme Court in Homemakers, Inc. v. Gonzales, 400 So.2d 965, 967 (Fla. 1981), Section 95.022 was directed only to those sections of Chapter 95 whose time periods were shortened by the amended statute, and has no application to situations in which the time periods remain the same or were lengthened. Gonzales restated the general rule that a statute of limitations will be prospectively applied unless the legislative intent to provide retroactive effect is expressed, clearly and manifestly. Id. In so ruling, the court held the plaintiff's malpractice action was barred because it was not filed within the two-year period required by Section 95.11(6), Florida Statutes (1973) (the action was deemed to have accrued on April 3, 1973), and because the provisions of Section 95.11(4)(b), Florida Statutes (1975), could not be retroactively applied.
Thus, were it not for our prior opinion in this cause applying the provisions of Section 95.11(4)(b), effective May 20, 1975, to plaintiff's cause of action, appellant's wrongful death action would necessarily have been barred two years following the death of Brenda Alford. Yet, our mandate was issued pursuant to our opinion and the cause was remanded on our erroneous perception that the cause did not accrue until plaintiff's alleged discovery of the purported negligence on November 6, 1974, and not as of the date of death, September 27, 1972.
*485 Nevertheless, given the posture of this case and the manner in which the parties have addressed the issue now before us, we consider that we are bound by our earlier opinion by reason of the doctrine of the law of the case, stating that whatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case. McGregor v. Provident Trust Company, 119 Fla. 718, 162 So. 323 (1935); Rosenkrantz v. Hall, 172 So.2d 518 (Fla. 3d DCA 1965). The doctrine, moreover, extends to questions not only actually presented, but also impliedly presented in the former appeal. 3 Fla.Jur.2d, Appellate Review, § 421, at 576 (1978). Although it does not appear from our former opinion that any actual question was raised as to the retroactive effect of the amended statute to the plaintiff's wrongful death action, such issue was impliedly addressed, since the accrual provisions of the statute were considered to apply to a death which occurred before the effective date of the amendment.[1]
Yet, even though we consider that we are bound by our former opinion, it was incumbent, under the accrual provisions of Section 95.11(4)(b), Florida Statutes (1975), for appellant to prove that his action was "commenced within two years from the time the incident occurred giving rise to the action, or within two years from the time the accident is discovered, or should have been discovered with the exercise of due diligence... ." See also Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). In his complaint, appellant alleged the following: "Decedent's survivors did not discover the negligence of Defendant physician until they were called upon to defend an action by Alachua General Hospital to collect his bill, which action was instituted on or about November 6, 1974, or more than two years after decedent's death." In the court's pretrial order, the court specifically stated that this allegation was one of the issues framed by the pleadings which was to be tried. Appellant failed to submit any proof in support of his allegation that he did not discover defendant's negligence until November 6, 1974. The evidence on that point before the jury was absolutely silent.
Accordingly, because appellant's evidence was not legally sufficient to establish that he filed his cause of action within two years after the date he was placed on notice of the alleged negligence of Dr. Summerlin, the judgment must be
AFFIRMED.
McCORD and SHAW, JJ., concur.
NOTES
[1] Another curious anomaly is that nowhere in the record is it shown that plaintiff sought, before filing his complaint in circuit court, any proceeding before a medical liability mediation panel. At the time the complaint was filed, July 13, 1976, such a showing was a necessary condition precedent to an action in circuit court. See Section 768.133(1)(a), Florida Statutes (1975) and Glass v. Camara. Of course, the Medical Mediation Act was later declared unconstitutional in its entirety as to all medical mediation proceedings which had not terminated by February 28, 1980. Aldana v. Holub, 381 So.2d 231 (Fla. 1980).