ERVIN, Chief Judge,
specially concurring.
Canal argues that our former opinion in Canal Insurance Company v. Hartford Insurance Company, 415 So.2d 1295 (Fla. 1st DCA 1982), represents the law of the case, since it held, albeit erroneously, that because “the settlement fell within the policy limits, no excess insurance coverage was needed.” Id. at 1299. No doubt the trial court felt bound by this erroneous statement. Nevertheless, the mistake was one of fact, rather than of law. Our Canal opinion recognized that Hartford, the primary insurer, had policy limits of $100,-000.00 per person and $300,000.00 per accident. The opinion further recited that the accident resulted in the death of two Florida residents, and that Hartford had contributed $170,000.00 and Canal, the excess insurer, $25,000.00 to settle the claims between the parties. Id. at 1297.
It is true, as we said in Alford v. Summerlin, 423 So.2d 482, 485 (Fla. 1st DCA 1982), the doctrine of the law of the case applies to “whatever is once established between the same parties in the same case ..., whether correct on general principles or not, so long as the facts on which such decision .was predicated continue to be the facts in the case.” (e.s.) Thus the doctrine would affect erroneous legal principles, but not erroneous factual assumptions. The error in the prior case was the apparent assumption that Hartford had not paid the limits of its coverage to the personal representative of one estate to whom Canal, the excess insurer, had also paid $25,000.00. If the $25,000.00 contributed by Canal had been applied to the settlement of the claim of the personal representative to whom Hartford had paid $70,000.00, Canal obviously would be entitled to indemnification. Such facts, however, never existed. Thus, the facts on which the earlier decision was predicated did not continue to be the facts in the later case; therefore the doctrine is inapplicable.