PER CURIAM.
This cause is before us on appeal from a final order dismissing a workers’ compen *293 sation claim for lack of record activity for one year. Appellant contends that the judge of compensation claims (JCC) erred in dismissing the claim based on his finding that there had been no record activity within one year prior to filing of the motion to dismiss.
Appellant was killed in the course of his employment on October 22, 1982. On August 13, 1984, an attorney, acting on behalf of appellant’s father, filed a claim for dependency benefits, death benefits, funeral expenses, medical expenses, costs, interest, penalties, and attorney fees. On January 1, 1985, former Florida Workers' Compensation Rule of Procedure 11, providing for a two-year period of inactivity before dismissal for lack of prosecution, was replaced by Florida Workers’ Compensation Rule of Procedure 4.110. The new rule is similar to the old rule but shortens the period of tolerable inactivity to one year.
On November 30, 1987, the E/C filed a motion to dismiss for lack of prosecution. Although record activity took place during the two-year period preceding the motion, no record activity took place during the one-year period preceding the motion. Appellant, however, did request medical records from one of appellant’s treating physicians during January 1987.
The JCC found that Rule 4.110(b) should govern the motion to dismiss because the rule was in effect at the time the E/C filed the motion. The JCC interpreted the rule as requiring record activity in order to preclude dismissal, and found no record activity during the one-year period preceding the motion. The JCC dismissed the claim with prejudice.
Former Workers’ Compensation Rule of Procedure 11(b) and current Rule 4.110(b), governing dismissal for failure to prosecute, differ significantly from Florida Rule of Civil Procedure 1.420(e), which governs dismissal for failure to prosecute. Florida Workers’ Compensation Rule of Procedure 11(b), which was in effect at the time the claim was filed, provides:
Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.
The present rule, Rule 4.110(b), contains similar provisions but shortens the critical period to one year.
In comparison, Florida Rule of Civil Procedure 1.420(e) provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
The workers’ compensation rule requires dismissal if no action has been taken through record activity, payment of compensation, provision of medical care, or otherwise during the critical period. Thus, the rule contemplates record and nonrecord activity as sufficient. In comparison, the rule of civil procedure requires dismissal if no record activity takes place for a period of one year. Accordingly, the JCC’s consideration should not have been limited to record activity during the nondismissal period.
*294 The only activity which took place during the one-year period preceding the motion was claimant’s January 1987 request for medical records. We need not decide, however, whether the request for medical records alone was sufficient to avoid dismissal, because former Rule 11(b), providing a two-year period of tolerable inactivity, was in effect at the time the claim was filed and governs this case.[1] Record activity did take place during the two-year period preceding the motion. The order dismissing the claim with prejudice is therefore reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, NIMMONS and ZEHMER, JJ., concur.

. Florida rules of court have prospective effect only, absent an express statement to the contrary. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649, 650 (Fla.1896); State v. Green, 473 So.2d 823, 824 (Fla. 2d DCA 1985); Arnold v. State, 429 So.2d 819, 820 (Fla. 2d DCA 1983); Jackson v. Green, 402 So.2d 553, 554 (Fla. 1st DCA 1981). The Florida Supreme Court's opinion adopting Rule 4.110 contains no language suggesting retrospective effect. Florida Bar re Workers' Compensation Rules of Procedure, 460 So.2d 898 (Fla.1984).