632 So.2d 1047 (1993)
Maria E. MENDEZ-PEREZ, M.D., Appellant,
v.
Jorge H. PEREZ-PEREZ, M.D., Appellee.
No. 93-606.
District Court of Appeal of Florida, Third District.
November 23, 1993.
Order Denying Rehearing and Certifying Question March 1, 1994.
As Amended March 22, 1994.
*1048 Maurice Jay Kutner and Carolyn W. West, Miami, for appellant.
Michael A. Lipsky, Miami, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Appellant, Maria Mendez-Perez (wife), appeals from dismissal of her petition to set aside final judgment pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. We affirm.
The issue in this case is whether Rule 1.540(b), as amended effective January 1, 1993, can be retroactively applied to a final judgment entered on July 20, 1990. The amendment eliminated the one year restriction on the ability to set aside a judgment based upon fraudulent financial affidavits in marital cases.
The wife and Appellee, Jorge Perez-Perez (husband), entered into a property settlement and separation agreement. This agreement became part of their final judgment of dissolution of marriage. More than two years after the final judgment, although nothing was pending, and after Rule 1.540(b) was amended in 1993, the wife filed her petition to set aside final judgment. The petition alleged, among other things, that the final judgment should be set aside because it was induced by a false financial affidavit.
The husband moved to dismiss the petition, claiming it was time barred under Rule 1.540(b)[1]. The wife claimed that the amendment to Rule 1.540(b)[2], effective January 1, 1993, should apply to all actions filed after that date, regardless of when the final judgment under attack was signed. The trial court dismissed the petition because the case had not been pending for over two years; therefore, applying the recent amendment to Rule 1.540(b) would amount to retroactivity.
Wife contends that dismissal, based on untimeliness, was error as a matter of law and wholly inconsistent with the intent of the amendment to Rule 1.540(b), which retained a "reasonable time" requirement. Since the amendment involved a procedural remedy *1049 and not a substantive right, reliance on the "general rule" in favor of prospective application of new laws was misplaced.
Husband asserts that there is no language in the amendments to the rules effective January 1, 1993, indicating that amendments or changed rules take effect retroactively or to closed cases. See In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110 (Fla. 1992).
Rules of procedure have prospective effect only, unless specifically provided otherwise. Pearlstein v. King, 610 So.2d 445 (Fla. 1992); Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896); Blue v. Malone & Hyde, 575 So.2d 292 (Fla. 1st DCA 1991).
In 1992, the supreme court, prompted by a problem which required a remedy, amended Rule 1.540(b), whereby there is no time limit for motions based on fraudulent financial affidavits in marital cases.
When the supreme court created the remedy, it could have expressly stated that the change would apply retroactively to any and all cases. However, the court clearly specified that the amendment became effective at midnight on January 1, 1993. In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d at 1111. Thus, the amended rule applies to all marital cases based on fraudulent financial affidavits in which the final judgment was entered on or after January 1, 1992.[3]
Public policy has always favored the termination of litigation after a party has had the opportunity for a trial and an appeal. DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). The amendment to Rule 1.540(b) broadened the grounds upon which final judgments may be attacked as of January 1, 1993, but we do not find it appropriate to further expand these grounds by decision of this court in a case that has been closed for over two years. If there is to be any further change, it should be achieved through the rule-making process. See DeClaire v. Yohanan, 453 So.2d at 381.
In this case, the wife had until July 20, 1991, to file a motion pursuant to the version of Rule 1.540(b) which was in effect at that time. Since this case does not fall within the window period, the trial court properly dismissed the motion.
Although the wife's claim for intrinsic fraud is time barred by Rule 1.540(b), she can seek, and already has sought, relief from the trial court by maintaining an independent action for extrinsic fraud. Accordingly, the order of dismissal entered below is affirmed.
Affirmed.
BASKIN and GERSTEN, JJ., concur.
NESBITT, Judge (dissenting):
I respectfully dissent. This case presents the question of whether Florida Rule of Civil Procedure 1.540(b), amended effective January 1, 1993, can be applied retroactively to a final judgment of marital dissolution entered on July 20, 1990. Under the following analysis, it clearly may. Appropriate classification of Rule 1.540(b) as procedural and remedial allows retroactive application.[1]
A substantive law, which interferes with vested rights and imposes some new duty or obligation, is to be construed as prospective only. Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985). Rule 1.540(b), in both its amended and pre-amendment form, can be classified as procedural. It relates only to the period of time within which a motion can be made to relieve a party from a final judgment involving fraudulent financial affidavits in marital cases. Statutes that relate only to the procedure or remedy are generally held applicable to all pending cases, that is, causes of action accruing, or cases filed *1050 but not closed, before the effective date of the statute. Young, 472 So.2d at 1154. Whether or not a case is "pending," however, no longer strictly controls retroactivity since the Supreme Court, in City of Orlando v. Desjardins, 493 So.2d 1027, 1028 (Fla. 1986), introduced a third alternative to the procedural-substantive dichotomy. "If a statute is found to be remedial in nature, it can and should be retroactively applied in order to serve its intended purposes." Id. at 1028. (emphasis added). Statutes that further existing rights are remedial. Snellgrove v. Fogazzi, 616 So.2d 527, 529 (Fla. 4th DCA 1993). They may be applied retroactively, even if there is no expressed legislative intent that the statute so apply. Id. at 529 (emphasis added); Grammer v. Roman, 174 So.2d 443, 446 (Fla. 2d DCA 1965). Because the amended Rule 1.540(b) does not alter or affect any vested or substantive rights the parties may have, and affords only a remedy, Rule 1.540(b) may be applied retroactively to the Mendez-Perez case, whether it is "pending" or not.[2]
In DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla. 1974), the Supreme Court held that although Rule 1.540(b) was remedial in that it "was intended to provide a modern, simplified procedure for seeking relief from judgments," Id. at 377, it refused to expand the grounds on which a final judgment could be attacked by allowing retroactive application of the rule beyond the one-year limitation. Id. at 380. The Court explicitly left such expansion of the remedy to the rule-making process. Id. at 380-81.
In direct response to the DeClaire Court, the Florida Bar Civil Procedure Rules Committee requested and the Supreme Court amended Rule 1.540(b) in favor of expanding the remedy beyond the one-year limitation. In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110, 1111 (Fla. 1992). The Committee expressed its purpose for removing the one-year limitation: "justice would better be served by allowing those who have been defrauded to obtain relief." Report of the Florida Bar Civil Procedure Rules Committee, Clifford L. Somers, Chair, Civil Procedure Rules Committee, p. 17 (April 1992). This comports with City of Orlando, 493 So.2d at 1028, which provides that a remedial statute can and should be retroactively applied in order to serve its intended purpose.
For the foregoing reasons, I would reverse the order denying the petition to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), effective January 1, 1993.

ON MOTION FOR REHEARING AND SUGGESTION FOR CERTIFICATION
PER CURIAM.
We deny appellant's motion for rehearing. However, we certify the following question as one of great public importance:
WHETHER FLORIDA RULE OF CIVIL PROCEDURE 1.540(b), AS AMENDED EFFECTIVE JANUARY 1, 1993, BY IN RE AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, 604 So.2d 1110 (FLA. 1992), CAN BE RETROACTIVELY APPLIED TO A FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE ENTERED ON JULY 20, 1990 WHERE THE MOTION FOR RELIEF FROM JUDGMENT ALLEGES THE FILING OF A FRAUDULENT FINANCIAL AFFIDAVIT AND WAS FILED MORE THAN ONE YEAR AFTER THE JUDGMENT WAS ENTERED?
NOTES
[1] Rule 1.540(b) prior to its amendment, read:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) ... (2) ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment decree, order or proceeding was entered or taken.
[2] The applicable part of Rule 1.540(b) as amended reads:

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken, except that there shall be no time limit for motions based on fraudulent financial affidavits in marital cases. (emphasis added).
[3] Although the amendment went into effect January 1, 1993, all pending cases would include cases in which the time to file a motion pursuant to Rule 1.540(b) had not yet expired.
[1] The cases that deal with the retroactive application of statutes are equally applicable to rules, because rules and statutes are treated equivalently by the Florida Supreme Court. The Court in In re Rules of Civil Procedure, 391 So.2d 165 (Fla. 1980) provided in part, "All rules and statutes in conflict with the following rules are hereby superseded as of their effective date, and any statute not superseded shall remain in effect as a rule promulgated by the Supreme Court." (emphasis added).
[2] Appellant and appellee's reliance on Pearlstein v. King, 610 So.2d 445 (Fla. 1992) is misplaced. The Supreme Court in that case cited Tucker v. State, 357 So.2d 719 (Fla. 1978) as authority for the proposition that rules of procedure are prospective unless specifically provided otherwise. The Court overlooked its own, more recent reasoning in City of Orlando v. Desjardins, 493 So.2d 1027, 1028 (Fla. 1986) where it introduced the third alternative to the procedural-substantive dichotomy, allowing retroactive application of a statute that is remedial in nature. To focus on whether a case is "pending" ignores this more basic classification of the rule itself.