656 So.2d 458 (1995)
Maria E. MENDEZ-PEREZ, M.D., Petitioner,
v.
Jorge H. PEREZ-PEREZ, M.D., Respondent.
No. 83431.
Supreme Court of Florida.
May 25, 1995.
*459 Maurice Jay Kutner and Carolyn W. West of Maurice Jay Kutner, P.A., Miami, for petitioner.
Michael A. Lipsky of Michael A. Lipsky, P.A., Miami, for respondent.
Barry S. Franklin of Franklin, Marbin & Adams, P.A., as Chairman for the Florida Chapter of the American Academy of Matrimonial Lawyers, amicus curiae.
HARDING, Justice.
We have for review a decision presenting the following question certified as one of great public importance:
WHETHER FLORIDA RULE OF CIVIL PROCEDURE 1.540(b), AS AMENDED EFFECTIVE JANUARY 1, 1993, BY IN RE AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, 604 So.2d 1110 (Fla. 1992), CAN BE RETROACTIVELY APPLIED TO A FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE ENTERED ON JULY 20, 1990 WHERE THE MOTION FOR RELIEF FROM JUDGMENT ALLEGES THE FILING OF A FRAUDULENT FINANCIAL AFFIDAVIT AND WAS FILED MORE THAN ONE YEAR AFTER THE JUDGMENT WAS ENTERED.
Mendez-Perez v. Perez-Perez, 632 So.2d 1047, 1050 (Fla. 3d DCA 1993). We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution.
We answer the certified question in the negative. The opinion adopting the amendment to Florida Rule of Civil Procedure 1.540(b) specifically establishes an effective date and thus precludes retroactivity. See In re Amendments to the Fla. Rules of Civil Procedure, 604 So.2d 1110, 1111 (Fla. 1992).
The twenty-nine year marriage of Maria Mendez-Perez and Jorge Perez-Perez was dissolved on July 20, 1990. The final judgment incorporated a marital settlement agreement that divided assets and awarded alimony to Mendez-Perez. The agreement did not mention a retirement fund allegedly owned by Perez-Perez nor was the retirement fund listed as an asset in his financial affidavit.
On January 27, 1993, Mendez-Perez filed a petition to set aside the final judgment based on fraud and pursuant to rule 1.540(b). She alleged that Perez-Perez had filed a false financial affidavit during their dissolution proceedings. Perez-Perez points out that Mendez-Perez's petition does not mention the pension plan or any other asset. In addition, while the appeal in this case was pending, Mendez-Perez filed a second suit  an independent action for fraud  that is now pending in Dade County circuit court.
When the parties reached their marital settlement in 1990, rule 1.540(b) provided a one-year limitations period to raise most motions, including those based on fraud. The rule was later amended  effective January 1, 1993  to remove the one-year time limit to raise a motion under the rule based on fraudulent financial affairs in marital cases. See In re Amendments, 604 So.2d at 1111, 1170.
Perez-Perez moved to dismiss his former wife's petition, arguing that it was barred by the one-year limitation. The trial court granted the motion to dismiss. The court found that applying the amendment would amount to retroactivity because the one-year limitation had lapsed more than two years before Mendez-Perez filed her petition. The court found that retroactivity was improper absent clear intent that the amendment was intended to apply retroactively.
On appeal, the Third District Court of Appeal affirmed the trial court's ruling. The district court denied Mendez-Perez's motion for rehearing, but certified the question of great public importance to this Court. Mendez-Perez, 632 So.2d at 1050.
The issue in this case is whether the 1993 amendment to rule 1.540(b) should be *460 applied retroactively. We have held that rules of procedure are prospective unless specifically provided otherwise. Pearlstein v. King, 610 So.2d 445, 446 (Fla. 1992). Our opinion in In re Amendments is clear the amendment to rule 1.540(b) "will become effective at midnight on January 1, 1993." 604 So.2d at 1111.
Mendez-Perez nonetheless argues that the amendment should be applied retroactively to serve its intended remedial purpose. In DeClaire v. Yohanan, 453 So.2d 375, 380 (Fla. 1984), we held that it was not appropriate for this Court to broaden the grounds for attacking final judgments by decisions of the Court. It was DeClaire that prompted the amendment to rule 1.540(b). The amendment now puts no time limits on motions based on fraudulent financial affidavits in marital cases. See Fla.R.Civ.P. 1.540(b).
Mendez-Perez argues that failing to apply the amendment to her petition would reward a perpetrator of fraud. While we are not unsympathetic to Mendez-Perez's arguments, we note that a purpose of a limitations period "is to set a time limit within which a suit should be brought." Thermo Air Contractors, Inc. v. Travelers Indem. Co., 277 So.2d 47, 48 (Fla. 3d DCA 1973). By its very nature, a limitations period may deprive someone of rights if he or she fails to bring an action within the applicable period. See, e.g., Mason v. Salinas, 643 So.2d 1077 (Fla. 1994) (barring action alleging sexual abuse because it was filed beyond the limitations period in effect when the alleged abuse occurred).
We find the plain language of In re Amendments controlling. The amendment to rule 1.540(b) did not take effect until January 1, 1993. Under the rule in effect when Mendez-Perez's divorce was final, she had one year to bring a motion under rule 1.540(b) based on fraud. Her motion filed in January 1993 was thus beyond the one-year limitations period.
Accordingly, we answer the certified question in the negative and approve the district court's decision in Mendez-Perez.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.