SHAHOOD, Judge.
Pro se appellant and former wife, Shirley K. Bemenderfer, seeks review of an order dismissing with prejudice her petition to modify the final judgment of dissolution, and granting her former husband’s motion to dismiss for lack of jurisdiction. We affirm.
In November of 1979, the wife, through counsel, filed a petition for dissolution of her twenty-five year marriage. The parties en *748 tered into a property settlement agreement dated November 19,1979. The husband was not represented by counsel at the time of the agreement. The settlement agreement provided, in part, that neither party would pay or receive alimony from the other. The agreement divided all other assets equally, but made no reference to the husband’s pension benefits. The court incorporated the property settlement agreement into the January 14, 1980 Final Judgment of Dissolution of Marriage.
Fourteen and one-half (14⅜) years later, on June 3,1994, the wife seeks to modify the final judgment on the grounds that the husband perpetrated a fraud by failing to disclose information regarding his pension benefits. She admits that at the time she executed the agreement she knew the husband had various pension plans, but claims that her attorney failed to advise her of her rights and options, specifically, that the retirement funds were subject to equitable distribution. The record on appeal contains neither a transcript of the 1979 dissolution hearing nor a transcript of the 1994 hearing on appellant’s petition to modify. This court is therefore unable to determine the appropriateness of the trial court’s action and is bound to affirm. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Nevertheless, we briefly address the wife’s claim that, although the alleged fraud occurred in 1979, she is entitled to proceed under rule 1.540, Florida Rules of Civil Procedure (1995), which provides that “there shall be no time limit for motions based on fraudulent financial affidavits in marital cases.” Rule 1.540 has undergone significant changes since 1979. At the time of the parties’ dissolution, the applicable rule provided that post-judgment petitions to set aside a final judgment on grounds of fraud, misrepresentation, or other misconduct of an adverse party must be brought not more than one year after the final judgment is entered. Bernstein v. Bernstein, 377 So.2d 1011 (Fla. 3d DCA1979). In 1992, the rule was amended to remove the one-year limitation effective January 1, 1993. See In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110, 1111 (Fla.1992).
Following the well-settled principle that rules of procedure are to be applied prospectively unless there is specific language to the contrary, the supreme court recently declined to retroactively apply rule 1.540(b), as amended effective January 1, 1993. Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995). In Mendez-Perez, the court held that since the rule specifically establishes an effective date, retroactivity is precluded. Id. at 459.
On the authority of Mendez-Perez, this court cannot afford appellant the remedy she seeks. We therefore affirm.
AFFIRMED.
STONE and WARNER, JJ., concur.