GREEN, Judge
(dissenting).
After expressly acknowledging the supreme court’s holding in Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995) that the 1993 amendment to Rule 1.540(b), Fla. R.Civ.P. which eliminated the one year time limitation to challenge financial affidavits filed in dissolution proceedings is not retroactive, the majority nevertheless goes on to retroactively apply the amendment to a 1992 dissolution judgment. Because I believe that the majority’s holding is directly contrary to the supreme court’s holding in Mendez-Perez, and impermissibly overrules the same, Hoffman v. Jones, 280 So.2d 431 (Fla.1973); see also Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla.1986), I respectfully dissent.
The Natkows’ final judgment of dissolution was entered on November 16, 1992. At that time, Rule 1.540(b) required that a post-judgment motion for relief based upon fraudulent financial affidavits in a dissolution action be filed within one year of the entry of the final judgment or forever be barred. Consequently, under this rule in effect, the former wife had until November 1993 to commence this action. She did not institute this proceeding until January 17, 1994 — well more than the one-year time limitation prescribed at the time of her dissolution judgment. Because she did not timely comply with the rule in effect when her divorce became final and because the 1993 amendment to Rule 1.540(b) may not be retroactive *341 ly applied, Mendez-Perez, 656 So.2d at 459-60, this action is time-barred and the order under review must be affirmed.
It appears that the sole basis for this litigation (and the majority’s holding) is some gratuitous language in this court’s prior decision in Mendez-Perez v. Perez-Perez, 632 So.2d 1047 (Fla. 3d DCA 1993), decision approved and certified question answered, 656 So.2d 458 (Fla.1995) which can only be properly characterized as pure obiter dictum. While this court in that decision properly concluded that the 1993 amendment to Rule 1.540 was not retroactive, it curiously went on to suggest that this amendment applied to “all marital cases based on fraudulent financial affidavits in which the final judgment was entered on or after January 1, 1992.” Mendez-Perez, 632 So.2d at 1049. Still more curious, this decision in a footnote arbitrarily created a “window period” for what it deemed to be “pending” eases:
Although the amendment went into effect January 1, 1993, all pending cases would include eases in which the time to file a motion pursuant to Rule 1.540(b) had not yet expired.
Id. n. 3.[2]
As the former husband correctly points out, this “loose language,” or dicta has no precedential value because it was wholly unnecessary to the holding of Mendez-Perez. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla.1973) (“The statement of the District Court of Appeal in its opinion ... was not essential to the decision of that court and is without force as precedent.”); see also Ciongoli v. State, 337 So.2d 780, 782 (Fla.1976) (failing to find conflict between appellate districts for purposes of supreme court jurisdiction where alleged conflict was based on statements wholly unnecessary to the district court’s decision). Mendez-Perez did not factually involve a dissolution judgment entered on or after January 1, 1992. Rather, in that case, the final dissolution judgment was entered on July 20, 1990. When Rule 1.540(b) was amended effective January 1, 1993 to eliminate the one-year time limitation, the former wife in that case commenced an action on January 27, 1993 to set aside the 1990 final judgment based upon fraud. Our court held that the amended Rule 1.540(b) could not be applied retroactively and that under the version of Rule 1.540(b) in effect at the time of the Mendez-Perez divorce, the former wife had only until July 20,1992 to file her action. 632 So.2d at 1049. It was this holding and this holding alone which was then certified to and approved by the Florida Supreme Court in Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla.1995). There was absolutely no question put to the supreme court by this court about this court’s additional dicta concerning so called “window period” cases nor did the supreme court address the same.[3]
Not only is this dicta in our Mendez-Perez decision of no precedential value, but the legal authority of this court to arbitrarily create such a “window period” in the first instance is questionable at best.[4] When the *342 legislature increases a time period within which a suit may be brought through statutory amendment, I agree that the legislature does have the authority to afford the litigants who are not yet time-barred the benefit of the increased time periods. See, e.g., Wiley v. Roof, 641 So.2d 66, 68 (Fla.1994); Corbett v. General Eng’g & Mach. Co., 160 Fla. 879, 37 So.2d 161 (1948). But there has to be expressed, clear, and manifest evidence of such legislative intent of retroactivity. Homemakers, Inc. v. Gonzales, 400 So.2d 965, 967 (Fla.1981) (holding that neither of two subsequent enlargements of the statute of limitations period for medical malpractice, while plaintiffs cause of action was still viable, disrupted the application of statute in effect at the time of plaintiffs action where there was no evidence of legislative intent of retroactivity).
Here, had the supreme court intended to extend the provisions of the 1993 amendment to Rule 1.540 to cases such as this where the previous one-year time limitation had not yet expired on January 1, 1993, (i.e. create a “window period”), it could have easily done so. But it did not. The clearest and surest indicators that the court had no intention of creating a retroactive “window period” is the plain language of the court itself in In re Amendments to the Fla. Rules of Civil Procedure, 604 So.2d 1110 (Fla.1992) which unequivocally states that the amendment to Rule 1.540(b) was not effective until January 1, 1993, see id. at 1111, as well as the supreme court’s disposal of the issue presented in Mendez-Perez with a simple “rule in effect” analysis. 656 So.2d at 460. In accordance with the supreme court’s holding in Mendez-Perez, this court must likewise dispose of the case sub judice by simply applying the provisions of Rule 1.540(b) in effect at the time of the finalization of the Natkows’ divorce. If that is done, this action is clearly time-barred. I would therefore affirm the order under review and certify the following question as one of great public importance:
“DID THE SUPREME COURT’S APPROVAL OF THIS COURT’S OPINION IN MENDEZ-PEREZ V. PEREZ-PEREZ, 632 So.2d 1047 (Fla. 3d DCA 1993) IN MENDEZ-PEREZ V. PEREZ-PEREZ, 656 So.2d 458 (Fla.1995) ALSO INCLUDE AN IMPLICIT APPROVAL OF THE ADDITIONAL FINDING BY THIS COURT IN DICTA THAT THE JANUARY 1, 1993 AMENDMENT TO RULE 1.540(b) WAS APPLICABLE TO PRE-1993 CASES WHERE THE ONE-YEAR TIME LIMITATION TO FILE A MOTION PURSUANT TO RULE 1.540(b) HAD NOT YET EXPIRED?”

. This same dicta was subsequently reiterated unnecessarily in our decision in Cerniglia v. Cerniglia, 655 So.2d 172, 175-76 & n 1 (Fla. 3d DCA), review granted, 662 So.2d 931 (Fla.1995). I can only wonder if this language is one of the things which caught the attention of the high court when it granted review.

. The actual question certified to the supreme court by this court in Mendez-Perez as one of great public importance was:
WHETHER FLORIDA RULE OF CIVIL PROCEDURE 1.540(b), AS AMENDED EFFECTIVE JANUARY 1, 1993, BY IN RE AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, 604 So.2d 1110 (Fla.1992), CAN BE RETROACTIVELY APPLIED TO A FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE ENTERED ON JULY 20, 1990 WHERE THE MOTION FOR RELIEF FROM JUDGMENT ALLEGES THE FILING OF A FRAUDULENT FINANCIAL AFFIDAVIT AND WAS FILED MORE THAN ONE YEAR AFTER THE JUDGMENT WAS ENTERED?
632 So.2d at 1050.

.This idea probably came from older but analogous limitations case law which, until 1981, suggested that the enlargement of a limitation period, unlike the shortening of such a period, presumptively applied retroactively to all causes of action whose limitation period had not yet expired. See, e.g., Walter Denson & Son v. Nelson, 88 So.2d 120, 122 (Fla.1956). But see Homemakers, Inc. v. Gonzales, 400 So.2d 965, 967 (Fla.1981) (implicitly overruling Nelson and holding that the enlargement of a limitation period was not retroactive to such causes of action in the absence of explicit legislative intent to the contrary).