463 So.2d 429 (1985)
Leona LANGER, Appellant,
v.
Jerome G. LANGER, Appellee.
No. 84-641.
District Court of Appeal of Florida, Third District.
February 5, 1985.
Leona Langer, in pro. per.
Barranco, Kellough & Kircher and David H. Charlip, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
The former wife appeals from a final judgment of the trial court granting appellee's motion to dismiss appellant's motion for modification of the property settlement agreement or, in the alternative, motion to vacate or set aside the property settlement agreement pursuant to Rule 1.540(b)(3), Florida Rules of Civil Procedure. The property settlement agreement was incorporated into the final judgment of dissolution of marriage, entered on June 11, 1975. We affirm the judgment of the trial court upon a holding that: 1) property settlement agreements are not subject to modification when the agreements are incorporated into final judgments of dissolution of marriage, Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984); Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983); Horne v. Horne, 417 So.2d 324 (Fla. 4th DCA 1982), pet. for rev. denied, 429 So.2d 6 (Fla. 1983); Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981), and 2) appellant's allegations in support of her motion to set aside the property settlement agreement (fraud, duress, coercion, and failure to provide full disclosure) form the basis for a claim of intrinsic fraud. Any petition to vacate a judgment on the grounds of intrinsic fraud must be filed within one year after entry of the judgment. DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984); Daugharty v. Daugharty, 456 So.2d 1271 (Fla. 1st DCA 1984); Rule 1.540(b), Fla.R.Civ.P. Appellant's motion to set aside or vacate the property settlement agreement was filed over seven years after the entry of the final judgment of dissolution of marriage.
Affirmed.