BARKETT, Judge.
The husband appeals from a final judgment of dissolution of marriage awarding the wife $38,000 in lump sum alimony after a marriage of six months. We affirm the dissolution, but reverse the alimony award.
The parties were married on May 21, 1983, and separated six months later. The husband is 39 years old; the wife is 26 years old. Prior to the marriage, the wife was employed by a pharmaceutical company, and her federal tax return for 1982 reflected earnings of $25,000. Although the wife gave up this job during the time of the marriage, she obtained a job with Litton Industries at a yearly salary of approximately $26,000 per year when the parties separated. According to her present employer’s testimony, her earning potential is in the range of $35,000 to $45,000 within three or four years. The wife’s net worth consists primarily of $8,000 in a mutual stock fund.
The husband is a practicing gynecologist, and his 1982 income tax return discloses an annual income of approximately $92,000 per year. The husband is the sole stockholder of his professional association and has a pension and profit sharing trust worth approximately $80,000. The evidence of the husband’s net worth ranged from $353,000 (from the financial statements submitted to the Sun Bank for a loan) to approximately $100,000 (from his court-filed financial affidavit). The primary difference in the two estimates was the value ascribed to the husband’s professional association — $140,000 in the financial statement submitted to the bank, and $35,-000 in the statement submitted to the court. The husband’s properties are heavily mortgaged and he has few liquid assets.
The wife asserts two bases as justification for the $38,000 lump sum alimony award.
First, the wife argues that the trial court attempted to place the wife in the same position that she was in prior to the marriage. After reviewing the record and the figures presented in appellee’s brief and appendix, we cannot agree that the record demonstrates that the wife was significantly prejudiced to the extent of the *1209 $38,000 lump sum award by the hiatus of not working for the short period of time during the marriage. We have been unable to find any cases wherein lump sum alimony of this magnitude has been awarded to a party after a marriage of only six months in the absence of any contributions to the marriage, and where that party was not prejudiced, economically or otherwise, by the marriage. Here, the wife is employed at a well-paying job with excellent prospects of advancement, is still in her twenties, and enjoys good health. We cannot see how her six-month hiatus from employment during which she enjoyed vacations to the Virgin Islands and other short trips, as well as substantial gifts of clothing, jewelry, and other items, was detrimental or prejudicial to her. Accordingly, an award of this magnitude in the absence of any justification in the record constitutes an abuse of discretion and cannot stand. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Langer v. Langer, 463 So.2d 429 (Fla. 3d DCA 1985) (on rehearing); Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979); Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978).
Second, the wife argues that since the trial court required the wife to quitclaim to the husband the marital home and a 1983 BMW automobile, both of which were titled in the joint names of the parties, the $38,000 lump sum alimony award was in reality the value of the wife’s one-half interest in these properties. Again, we conclude that the record cannot support this argument. The trial court’s only findings with reference to the marital residence and the BMW automobile are as follows:
The title to the marital residence is in joint names pursuant to a quit-claim deed executed by the husband subsequent to the marriage. Previous to the marriage the husband owned the marital residence in his own name. The 1983 BMW automobile which is being driven by the wife at the present was purchased prior to the marriage by the husband. [T]he marital residence presently titled in joint names is worth approximately $175,000 with a $104,000 outstanding mortgage.
The husband, however, pled a special equity in the marital home on two bases: (1) that all of the funds utilized for the purchase of both the marital home and the BMW came from the husband and that the wife did not contribute either financially or otherwise toward these assets; and (2) that the husband had obtained an unsecured loan in the amount of $60,000 which was utilized solely toward the purchase of the home. Therefore, he argues, the outstanding debt on the home was $60,000 in addition to the mortgage thereby reducing the equity in that asset to only approximately $11,000. Unfortunately, the court did not rule on the husband’s special equity claims; therefore, we cannot properly evaluate this argument. Cf. Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978).
Accordingly, we reverse the alimony award and remand with directions to the trial court to reconsider the issues pertaining to alimony and to the marital home and the BMW automobile. The trial court is, on remand, free to arrive at a proper result by any means it finds appropriate, including the award or denial of attorney’s fees. See Goss v. Goss, 400 So.2d 518 (Fla. 4th DCA 1981).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HURLEY, J., concurs.
WALDEN, J., dissents with opinion.