655 So.2d 172 (1995)
Donna CERNIGLIA, Appellant,
v.
Joseph M. CERNIGLIA, Appellee.
No. 94-755.
District Court of Appeal of Florida, Third District.
May 17, 1995.
*173 Kozyak Tropin Throckmorton & Humphreys and Paul C. Huck and Harley S. Tropin, for appellant.
Bluestein and Wayne; A.J. Barranco & Associates and Sam Daniels, for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
This appeal arises from two consolidated cases: a dissolution of marriage case and a civil case. In the civil case, the wife, Donna Cerniglia, appeals from the entry of an adverse summary judgment as to all five counts of her complaint and from the denial of her motion to amend Count V. In the dissolution of marriage case, the wife appeals from the denial of her motion for relief pursuant to the 1993 amendment to rule 1.540(b), Florida Rules of Civil Procedure. We affirm all of the orders appealed.
The parties were married in 1970. On July 11, 1990, the husband filed a petition for dissolution of marriage, and on that same day, the parties signed a marital settlement agreement. On August 20, 1990, at the dissolution proceeding, the trial court asked the wife whether she had voluntarily entered into the agreement, whether she had received advice from her attorney, and whether she was satisfied with the husband's financial disclosure. To all of these questions, the wife answered in the affirmative. Accordingly, the trial court entered final judgment dissolving the parties' marriage and incorporating the July 11th settlement agreement.
Three years later, on November 17, 1993, the wife brought a five-count civil action against the husband. Counts I through IV were damage claims for assault and battery, intentional infliction of emotional distress, common-law fraud, and breach of contract. Count V was an independent action alleging "extrinsic fraud," or "fraud on the court," and seeking to set aside the marital settlement agreement. Contemporaneously, in the dissolution action, the wife filed a motion for relief pursuant to the 1993 amendment to rule 1.540(b), Florida Rules of Civil Procedure. The wife based her Count V claim and her rule 1.540(b) motion on the husband's wrongful acts that were pled in Counts I through IV of the civil complaint.
In the civil complaint, the wife alleged that during the marriage, she had been physically and mentally abused and that the marital settlement agreement had been obtained by duress, coercion, and threats. The wife also alleged that the husband had enticed her to enter into the agreement by making oral promises to pay her additional sums and that the husband had failed to make complete financial disclosure. The wife sought to recover damages on these grounds or, in the alternative, to have the agreement set aside. The husband answered the complaint, denied the material allegations of physical abuse, and asserted several affirmative defenses. The husband then moved for summary judgment.
While this motion was pending, the trial court denied the wife's motion for rule 1.540(b) relief on the basis that the 1993 amendment to the rule does not have retroactive application. For this same reason, the trial court denied the wife's motion for leave to amend Count V of the civil suit to assert a claim based on the filing of false financial affidavits. Subsequently, the trial court entered summary judgment for the husband and denied rehearing. This appeal follows.
The wife raises several points on appeal that merit discussion. First, the wife contends that the trial court improperly granted summary judgment as to Counts I through *174 IV of the civil complaint. Specifically, she alleges that the court incorrectly applied the rules of construction to the release in the marital settlement agreement and improperly found that the release relieved the husband from liability for claims based on tort and contract theories. She argues that the application of the release was limited solely to those claims dealing with the distribution of assets in conjunction with the dissolution of marriage. We disagree.
"The construction and effect to be accorded a release depends on its purpose, the terms in which it is stated, and the subject matter to which it applies... . In construing a release and determining the intent of the parties, the entire instrument, and not detached sections of it, is to be examined." Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109, 112 (Fla. 3d DCA), cert. denied, 204 So.2d 332 (Fla. 1967) (citations omitted).
In this case, the settlement agreement stated in pertinent part:
12. FULL AGREEMENT: This agreement constitutes a full and complete settlement of the alimony, support, equitable distribution and property rights of the parties and claims of any nature whatsoever that each may have against the other, and all of the terms and provisions herein being interrelated and dependant covenants and that such constituting a complete Property Settlement Agreement... .
....
18. RELEASE OF ALL CLAIMS: The Husband and Wife mutually forever renounce and relinquish all claims of whatever nature each may have had in or to any assets/property or estate of whatever kind, now or hereafter owned or possessed by the other, it being the intention of the parties hereto that this paragraph shall constitute a complete, general, and mutual release of all claims whatsoever including dower, courtesy, distributive share of which either may have in the estate of the other excepting as set forth herein.

Final Judgment Dissolving Marriage dated August 20, 1990 (emphasis added).
We find that the trial court properly examined the settlement agreement as a whole to determine the intent of the parties and the purpose of the release. Since there were no genuine issues of material fact, the trial court properly construed the release and found, as a matter of law, that the release was intended by the parties to serve as a complete bar to all claims arising from the marriage. RCA Invs., Inc. v. Amerivend, Corp., 581 So.2d 618 (Fla. 3d DCA 1991). Therefore, the wife's tort and contract claims were barred by the release in the marital settlement agreement, and summary judgment was proper as to those counts.
Second, the wife contends that the trial court improperly granted summary judgment as to Count V of her civil complaint. She claims that the court incorrectly found, as a matter of law, that her allegations of coercion, duress, and fraud constituted intrinsic fraud, rather than extrinsic fraud. She cites DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla. 1984), and further argues that her husband's wrongful conduct, that occurred outside the dissolution proceedings, constituted extrinsic fraud and thereby, effectively prevented her "from fully exhibiting [her] case." We disagree.
In DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984), the Florida Supreme Court clarified the situations where a trial court can find, as a matter of law, that there has been "fraud on the court" and properly grant relief from judgment:
At the outset we must distinguish between extrinsic fraud and intrinsic fraud because only extrinsic fraud may constitute fraud on the court. Extrinsic fraud is collateral to the issues tried in a case. .. .
Consistent with this general rule, this Court has defined extrinsic fraud as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from the court; falsely promising a compromise; ignorance of the adversary about the existence of a suit or the acts of the plaintiff; fraudulent representation of a *175 party without his consent and connivance in his defeat; and so on.
In other words, extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause.
Intrinsic fraud, on the other hand, applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried. This Court, consistent with the general rule, has expressly held that false testimony given in a proceeding is intrinsic fraud. We have stated that
[i]f a judgment was obtained upon false testimony or fraudulent instrument and the parties were heard, the evidence submitted to and received consideration by the court, then it may be said that the matter has been actually tried, or was so in issue that it might have been tried and the parties are estopped to set up an intrinsic or direct fraud to vitiate the judgment, because the judgment is the highest evidence and cannot be contradicted by the parties to it.
DeClaire, 453 So.2d at 376-77 (citations omitted).
In DeClaire, more than one year after entry of final judgment, the wife filed a motion seeking to set aside the property settlement agreement that had been incorporated into the final judgment on the basis of fraud. DeClaire, 453 So.2d at 376. The Florida Supreme Court held that, in a dissolution proceeding, the husband's filing of a false financial affidavit constituted "intrinsic fraud," rather than "extrinsic fraud," or a "fraud on the court." DeClaire, 453 So.2d at 380.
Furthermore, the DeClaire court cited August v. August, 350 So.2d 794 (Fla. 3d DCA 1977), with approval. DeClaire, 453 So.2d at 379. In August, eighteen months after entry of final judgment of dissolution, the wife filed a motion seeking to set aside the judgment on the grounds that her husband had concealed assets and used duress and undue influence in obtaining a settlement from her. August, 350 So.2d at 794. This court held that the husband's conduct did not constitute "extrinsic fraud," or "fraud on the court." August, 350 So.2d at 795. Additionally, in Langer v. Langer, 463 So.2d 429 (Fla. 3d DCA 1985), this court clearly stated that allegations of "fraud, duress, coercion, and failure to provide full disclosure form the basis for a claim of intrinsic fraud." Langer, 463 So.2d at 429; Susskind v. Susskind, 475 So.2d 1276 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986). In the instant case, the facts are analogous to those of DeClaire, August, Langer, and Susskind. The wife alleged below that the judgment should be set aside on the basis that the marital settlement agreement was obtained by duress, coercion, and threats, that the husband had enticed her to enter into the agreement by making oral promises to pay her additional sums, and that the husband had failed to make complete financial disclosure. We find that the trial court properly applied the DeClaire standard for extrinsic fraud and, finding that none existed, correctly granted summary judgment as to Count V.
Moreover, we certify a conflict with Lamb v. Leiter, 603 So.2d 632 (Fla. 4th DCA 1992), on the issue of whether allegations of coercion and duress constitute extrinsic fraud or intrinsic fraud.
Lastly, the wife contends that the trial court improperly refused to give retroactive application to the 1993 amendment to rule 1.540(b), Florida Rules of Civil Procedure. We disagree.
In this case, retroactive application of the 1993 amendment to rule 1.540(b) would allow the wife to seek relief because it eliminates the one-year limitation on the ability to set aside a judgment based on fraudulent financial affidavits in marital cases. In Mendez-Perez v. Perez-Perez, 632 So.2d 1047 (Fla. 3d DCA 1994), decision approved, 20 Fla. L. Weekly S72, ___ So.2d ___ (Fla. Feb. 16, 1995), this court directly addressed this issue and refused to give retroactive application to the 1993 amendment to rule 1.540(b): "Thus, the amended rule applies to all marital cases based on fraudulent financial affidavits in which the final judgment was entered on or *176 after January 1, 1992."[1]Mendez-Perez, 632 So.2d at 1049. Upon this court's certification of this question as one of great public importance, the Florida Supreme Court approved this court's decision and stated:
The issue in this case is whether the 1993 amendment to rule 1.540(b) should be applied retroactively. We have held that rules of procedure are prospective unless specifically provided otherwise. Pearlstein v. King, 610 So.2d 445, 446 (Fla. 1992). Our opinion in In re Amendments is clear the amendment to rule 1.540(b) "will become effective at midnight of January 1, 1993." 604 So.2d 1110 at 1111 [(Fla. 1992)].
Mendez-Perez v. Perez-Perez, 656 So.2d 458 (Fla. 1995). Therefore, the trial court properly denied the wife's motion for relief pursuant to the 1993 amendment to rule 1.540(b) where the final judgment of dissolution of marriage was entered August 20, 1990.
The remaining points raised by the wife lack merit. Accordingly, we affirm and certify conflict.
NOTES
[1] "Although the amendment went into effect January 1, 1993, all pending cases would include cases in which the time to file a motion pursuant to Rule 1.540(b) had not yet expired." Mendez-Perez, 632 So.2d at 1049, n. 3.