679 So.2d 1160 (1996)
Donna CERNIGLIA, Petitioner,
v.
Joseph M. CERNIGLIA, Jr., Respondent.
No. 85856.
Supreme Court of Florida.
September 5, 1996.
*1161 Paul C. Huck and Harley S. Tropin of Kozyak, Tropin & Throckmorton, P.A., Miami, for Petitioner.
Bluestein and Wayne, P.A., and Sam Daniels and Robert F. Kohlman of A.J. Barranco & Associates, Miami, for Respondent.
HARDING, Justice.
We have for review the decision in Cerniglia v. Cerniglia, 655 So.2d 172, 175 (Fla. 3d DCA 1995), which certified conflict with the opinion in Lamb v. Leiter, 603 So.2d 632 (Fla. 4th DCA 1992), on the issue of whether allegations of coercion and duress constitute extrinsic fraud or intrinsic fraud. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The Cerniglias were married in 1970. Joseph Cerniglia (the husband) filed a petition for dissolution of marriage on July 11, 1990. The parties signed a marital settlement agreement on the same day. At the August 20, 1990, dissolution proceeding Donna Cerniglia (the wife) informed the court that she had voluntarily signed the settlement agreement, had received advice from her attorney, and was satisfied with the husband's disclosure of assets.[1] The court entered final *1162 judgment dissolving the marriage and incorporating the July 11 settlement agreement.
In 1993, the wife brought a five-count civil action against the husband. Counts I through IV were damage claims for assault and battery, intentional infliction of emotional distress, common-law fraud, and breach of contract. Count V alleged extrinsic fraud or fraud on the court and sought to set aside the marital settlement agreement. The wife also filed a contemporaneous motion for relief in the dissolution action pursuant to the 1993 amendment to Florida Rule of Civil Procedure 1.540(b).[2]
The wife based count V and the rule 1.540(b) motion on the husband's wrongful acts that were pled in counts I through IV. She alleged that the husband: physically and mentally abused her during the marriage; obtained the marital settlement agreement by duress, coercion, and threats; enticed her to enter the agreement by making oral promises to pay additional sums; and failed to make complete financial disclosure. In his answer, the husband denied the allegations of physical abuse and asserted several affirmative defenses as a bar to the suit. He also moved for summary judgment.
The trial court denied the wife's motion for rule 1.540(b) relief, finding that the 1993 amendment did not have retroactive application. For the same reason, the trial court also denied her motion to amend count V to assert a claim based on the filing of false financial affidavits. The court further concluded that the issues of voluntariness, duress, and full disclosure had been tried in the dissolution proceeding and had to be brought within the one-year time limit prescribed by rule 1.540(b). Accordingly, the court entered summary judgment for the husband and denied rehearing.
On appeal, the district court affirmed the trial court's summary judgment for the husband on all counts. As to counts I through V, the district court found that a release in the marital settlement agreement was intended by the parties to serve as a complete bar to all claims arising from the marriage. Cerniglia, 655 So.2d at 174. Thus, the district court concluded, the wife's tort and contract claims were barred by the release and summary judgment was proper as to those counts. Id. As to count V of the civil complaint, the district court found that the allegations of coercion, duress, and fraud did not constitute extrinsic fraud that would permit the wife to set aside the marital settlement agreement more than a year after final judgment. Id. at 175. However, the court certified conflict with Lamb v. Leiter on this issue. Id. Finally, the district court concluded that the 1993 amendment to Florida Rule of Civil Procedure 1.540(b) was inapplicable to this final judgment of dissolution, which was entered August 20, 1990. Id. at 175-76. Thus, the final judgment of dissolution could not be set aside based upon fraudulent financial affidavits. Id.
Lamb v. Leiter, which the district court certified to be in conflict with the instant case, involved a wife's attempt to vacate a final judgment of dissolution and set aside a separation and property settlement agreement three years after final judgment was entered. 603 So.2d at 632. The wife claimed that the husband had forced her to give up *1163 any defense to the dissolution action and procured the agreement through coercion, duress, and deceit. Id. at 632-33. The trial court found the wife's claims constituted intrinsic fraud and thus a motion to set aside judgment on this basis had to be filed within one year of final judgment. Id. at 634. On appeal, the district court reversed, finding that the circumstances alleged by the wife amounted to extrinsic fraud or fraud on the court for which an action to vacate judgment could be brought at any time. Id. at 635.
In DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), this Court explained the difference between extrinsic fraud and intrinsic fraud. Extrinsic fraud, which constitutes fraud on the court, involves conduct which is collateral to the issues tried in a case. Id. at 377. "[E]xtrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause." Id. "Intrinsic fraud, on the other hand, applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried." Id. The distinction is important because while rule 1.540(b) imposes a one-year time limit on motions based upon fraud, it also provides that the rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court." Fla. R. Civ. P. 1.540(b) (emphasis added); see also DeClaire, 453 So.2d at 378.
DeClaire involved a wife's attempt to set aside a final judgment of dissolution based upon the husband's fraudulent misrepresentation of his net worth in a financial affidavit submitted to the court. 453 So.2d at 376. The wife alleged that the husband's fraudulent affidavit constituted fraud on the court and thus the final judgment could be set aside three years after the entry of final judgment. Id. Because the false financial affidavits submitted by the husband were part of the record in the case and the husband's net worth was a matter before the court for resolution, this Court found the conduct to be intrinsic fraud, not fraud on the court, and thus subject to the one-year limitation in rule 1.540(b).[3]Id. at 380.
In reaching this determination in DeClaire, we explained:
When an issue is before a court for resolution, and the complaining party could have addressed the issue in the proceeding, such as attacking the false testimony or misrepresentation through cross examination and other evidence, then the improper conduct, even though it may be perjury, is intrinsic fraud and an attack on a final judgment based on such fraud must be made within one year of the entry of the judgment.
453 So.2d at 380.
Applying the DeClaire standard to the facts of the instant case, we conclude that the wife's allegations of coercion and duress, enticement, and fraudulent financial disclosure constitute intrinsic fraud and were thus subject to the one-year limitation for seeking relief from the final judgment of dissolution. As in DeClaire, the issue of the husband's net worth was a matter before the court for resolution and, prior to the 1993 amendment of rule 1.540(b), subject to the one-year limitation. The parties' voluntary assent to the marital property settlement agreement was also "an issue before [the] court for resolution, and the complaining party could have addressed the issue in the proceeding." DeClaire, 453 So.2d at 380. Against counsel's advice, the wife specifically informed the court that she was satisfied with the agreement and that she had freely and voluntarily signed the agreement. Thus, an attack on the final judgment based upon claims of duress, coercion, or enticement was also subject to the one-year limitation in rule 1.540(b), *1164 and summary judgment was proper on that count of the complaint.
We also conclude that the claims of duress, coercion, and deceit in Lamb v. Leiter constituted intrinsic fraud under the DeClaire standard, and thus disapprove the district court's opinion in that case. To expand the definition of fraud on the court to include such claims would negatively impact the finality of judgments. As we explained in DeClaire, such an expansion of the grounds on which final judgments may be attacked is contrary to the public policy favoring the termination of litigation after trial and appeal of the court's judgment. 453 So.2d at 380.
We further note that the 1993 amendment to rule 1.540(b) was inapplicable in the instant case. As we explained in Mendez-Perez v. Perez-Perez, 656 So.2d 458, 460 (Fla.1995), rules of procedure are prospective unless specifically provided otherwise and the amendment to rule 1.540(b) became effective on January 1, 1993, which precluded retroactivity. Thus, we agree with the district court that the trial court properly denied the wife's motion for relief on this basis.
The final issue that we address relates to the summary judgment on counts I through IV, involving a number of tort and contract claims. The district court agreed with the trial court's determination that the release contained in the marital settlement agreement was intended by the parties to serve as a complete bar to all claims arising from the marriage. Cerniglia, 655 So.2d at 174. Thus, the court concluded that summary judgment was proper as to these counts. Id.
The wife argues that the release was limited solely to those claims dealing with the distribution of assets in conjunction with the dissolution of marriage and does not bar her claims based on tort and contract theories. She further argues that the trial court erred in not considering her affidavit in opposition to the husband's motion for summary judgment, stating her intent to release only those claims relating to the distribution of marital assets. We find these arguments to be without merit.
First, where the language of a release is clear and unambiguous a court cannot entertain evidence contrary to its plain meaning. Sheen v. Lyon, 485 So.2d 422, 424 (Fla.1986). Thus, the trial court properly discounted the purported explanation of the release contained in the wife's affidavit. Second, as the district court stated below, "`[t]he construction and effect to be accorded a release depends on its purpose, the terms in which it is stated, and the subject matter to which it applies.... In construing a release and determining the intent of the parties, the entire instrument, and not detached sections of it, is to be examined.'" Cerniglia, 655 So.2d at 174 (quoting Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109, 112 (Fla. 3d DCA), cert. denied, 204 So.2d 332 (Fla. 1967)).
Upon examination of the entire settlement agreement[4] at issue here, we agree with the *1165 court below that summary judgment was proper as to counts I through IV.
For the reasons discussed above, we approve the decision below and disapprove the opinion in Lamb v. Leiter.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The wife's attorney actually counseled her against signing the agreement. The attorney refused to allow her name to be associated with the agreement and stated on the record her opposition to the agreement. Despite this legal advice, the wife still informed the court that she was satisfied with agreement and that she had freely and voluntarily signed the agreement.
[2] Prior to its amendment, Florida Rule of Civil Procedure 1.540(b) provided, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) ... (2) ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.
The rule was amended effective January 1, 1993, to provide that "there shall be no time limit for motions based on fraudulent financial affidavits in marital cases." Fla. R. Civ. P. 1.540(b). Upon the adoption of the Family Law Rules of Procedure in 1995, the amendment language was included in Family Law Rule of Procedure 12.540, which provides:
Florida Rule of Civil Procedure 1.540 shall govern general provisions concerning relief from judgment, decrees, or orders, except that there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases.
[3] As noted in footnote 2, a rule 1.540(b) motion to set aside judgment based upon fraudulent financial affidavits in a marital case is no longer subject to the one-year time limit. At the time that this Court decided DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), rule 1.540(b) had not been so amended and we determined that such a change "should be achieved through the rule-making process." Id. at 381. Subsequent to our decision in DeClaire, the Civil Procedure Rules Committee of The Florida Bar proposed the amendment to rule 1.540(b) and this Court adopted the committee's recommendation. In re Amendments to Fla. Rules Civil Pro., 604 So.2d 1110 (Fla.1992).
[4] The settlement agreement stated in pertinent part:

12. FULL AGREEMENT: This Agreement constitutes a full and complete settlement of the alimony, support, equitable distribution and property rights of the parties and claims of any nature whatsoever that each may have against the other, and all of the terms and provisions herein being interrelated and dependent covenants and that such constituting a complete Property Settlement Agreement. No oral or prior written matters extraneous to this Agreement shall have any force or effect whatsoever and the parties represent that no representations have been made by each to the other except as incorporated in this Agreement. No addendum, modification or waiver of any of the terms of this Agreement shall be effective unless in writing, signed by both parties.
. . . .
18. RELEASE OF ALL CLAIMS: The Husband and Wife mutually forever renounce and relinquish all claims of whatever nature each may have had in or to any assets/property or estate of whatever kind, now or hereafter owned or possessed by the other, it being the intention of the parties hereto that this paragraph shall constitute a complete, general, and mutual release of all claims whatsoever including dower, courtesy, distributive share of which either may have in the estate of the other excepting as set forth herein.
In re Cerniglia & Cerniglia, No. 90-33705-FC14 (Fla. 11th Cir.Ct. Aug. 20, 1990) (Final Judgment Dissolving Marriage).