910 So.2d 391 (2005)
Paula D. GEER, Appellant,
v.
David Neal JACOBSEN, Brian James Almengual, and Almengual & Warner, P.A., Appellees.
No. 2D04-2860.
District Court of Appeal of Florida, Second District.
September 21, 2005.
*392 Brett Alan Geer of The Geer Law Firm, L.C., Tampa, for Appellant.
Mary Elizabeth Quinn of Law Office of Mary Elizabeth Quinn, Tampa, for Appellee David Neal Jacobsen.
No Appearance for Appellees Brian James Almengual and Almengual & Warner, P.A.
CANADY, Judge.
Paula Geer appeals the trial court's dismissal without leave to amend of her second amended complaint (the complaint) against her ex-husband, David Neal Jacobsen; Jacobsen's divorce attorney, Brian James Almengual; and Almengual's law firm, Almengual & Warner, P.A. We affirm in part, reverse in part, and remand for further proceedings.
Following her divorce from Jacobsen in 2001, Geer filed suit in 2003 against the appellees, alleging fraud and extortion related to the dissolution of marriage proceedings. In three of the four counts of the complaint, Geer sought relief from the final dissolution of marriage judgment. The fourth count of the complaint set forth a claim for restitution. Geer sought relief from the judgment by way of an independent action because the one-year period for seeking relief from judgment generally applicable under Florida Family Law Rule of Procedure 12.540 and Florida Rule of Civil Procedure 1.540(b)(3) had expired. The appellees filed motions to dismiss the complaint. The trial court granted the motions to dismiss, concluding that the complaint alleged intrinsic fraudrather than fraud upon the courtand therefore could not be sustained as an independent action for relief from the dissolution judgment.
In dismissing the complaint, the trial court recognized that the third count, which set forth a claim for "fraud regarding financial disclosure," sought relief which was not subject to the one-year limitation generally applicable under rule 1.540(b)(3) for intrinsic fraud. Rule 12.540 provides: "[Rule 1.540] shall govern general provisions concerning relief from judgment. . . except that there shall be no time limit for motions based on fraudulent financial affidavits in marital . . . cases." (Emphasis added.) The trial court therefore dismissed the third count without prejudice to the filing by Geer of a motion seeking relief from judgment on the claim of fraud regarding financial disclosure.
Prior to the current appeal of the dismissal of the complaint, a default judgment had been entered against the attorney defendants.[1] The trial court entered an order setting aside default, and Geer appealed. While Geer's appeal of the order setting aside default was pending, the trial court granted the motions to dismiss at issue here. This court then reversed the order setting aside default and remanded for the trial court to reinstate the default judgment. See Geer v. Jacobsen, 880 So.2d 717, 721 (Fla. 2d DCA 2004). Since the attorney defendants were not parties to the dissolution judgment, the complaint's first three countswhich sought relief from the dissolution judgmentdid not seek relief against them. The dismissal of those counts is therefore *393 unaffected by the default judgment against the attorney defendants.
"While a claim of intrinsic fraud must be brought under rule 1.540(b)(3), a claim of extrinsic fraudalso known as fraud upon the courtmay be brought under the rule or may be brought at any time as an independent action challenging the final judgment." Bank One, Nat'l Ass'n v. Batronie, 884 So.2d 346, 348 n. 1 (Fla. 2d DCA 2004); see rule 1.540(b) (providing that the "rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment. . . for fraud upon the court"); Cerniglia v. Cerniglia, 679 So.2d 1160 (Fla. 1996) (holding that wife's allegations constituted intrinsic fraud and were thus subject to the one-year limitation for seeking relief from judgment under rule 1.540(b)).
We agree with the trial court that the fraud alleged by Geer constituted intrinsic fraud for which an independent action seeking relief from judgment could not be brought. The allegations made by Geer were allegations of intrinsic fraud because they related to "`fraudulent conduct that [arose] within [the] proceeding and pertain[ed] to the issues in the case that have been tried or could have been tried.'" Cerniglia, 679 So.2d at 1163 (quoting DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984)). We therefore affirm the dismissal of the first three counts of the complaint.
In the fourth count of her complaint, Geer sought "restitution of the monies she paid as a proximate result of the frauds and misconduct" alleged in the complaint, as well as associated costs and fees. The trial court did not specifically address this count in its order which dismissed the entire complaint. Even though Geer may not bring an independent action for relief from the dissolution judgment, the defendants have not shown a legal basis for precluding Geer from asserting the claimwhich did not seek relief from the dissolution judgmentmade in the fourth count against all three defendants. Cf. Cerniglia, 679 So.2d at 1164-65 (holding that wife was precluded from alleging tort and breach of contract claims based on a release in the marital settlement agreement serving to bar all claims arising from the marriage). Moreover, the dismissal of this count with respect to the attorney defendants is inconsistent with the default judgment against them. We reverse the order of dismissal as to this count and remand for further proceedings.
Before the trial court dismissed Geer's second amended complaint, Geer filed a motion to amend pleadings and to add parties, seeking to add two additional defendants and additional claims against the original three defendants. The trial court denied the motion in the order dismissing the complaint based on its determination that Geer cannot receive relief from the dissolution judgment. However, these proposed additional claims alleged common law tort claims against the defendants and, like the fourth count of the complaint, did not seek relief from the dissolution judgment. The defendants have failed to present a legal basis justifying the denial of the motion to amend and to add parties. "[R]efusal to allow an amendment constitutes an abuse of discretion unless it clearly appears that the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." Carter v. Ferrell, 666 So.2d 556, 557 (Fla. 2d DCA 1995). Here, there was no finding by the trial court that any of these three reasons exist. We therefore reverse the trial court's order denying Geer's motion to amend and remand for further proceedings. We do not comment on whether *394 there may be grounds other than the unavailability of relief from judgment on which to deny Geer's request to amend.
In summary, the dismissal of the first three counts is affirmed, the dismissal of the fourth count is reversed, and the denial of the motion to amend and to add parties is reversed.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., Concur.
NOTES
[1] Brian Almengual and Almengual & Warner, P.A., are referred to herein as the "attorney defendants."