NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN E. MOXLEY, as Personal )
Representative of the Estate of Jake Bell, )
)
    Appellant, )
)
v. )    Case No: 2D13-4163
)
U-HAUL CO. OF FLORIDA and INFINITY )
INDEMNITY INSURANCE COMPANY, )
)
    Appellees. )
_____ )

Opinion filed October 1, 2014.

Appeal from the Circuit Court for
Hillsborough County; Mark R. Wolfe, Judge.

Brandon G. Cathey, Brent G. Steinberg and
Elizete D. Velado of Swope Rodante, P.A.,
Tampa, for Appellant.

Fredric S. Zinober and Thomas A. Valdez
of Quintairos, Prieto, Wood & Boyer, P.A.,
Tampa; and Troy B. Froderman, admitted
*pro hac vice*, and Nicole M. Hamilton of
Polsinelli PC, Phoenix, Arizona, for
Appellees.


WALLACE, Judge.

        John E. Moxley, as Personal Representative of the Estate of Jake Bell,

deceased, challenges an order granting a summary judgment in favor of U-Haul Co. of

Florida (U-Haul) based on a release executed by Mr. Moxley's predecessor in interest.

Because the claims described in the release did not include the claims for which the underlying action was brought, we reverse the circuit court's order and the resultant final judgment entered in favor of U-Haul.

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2007, Vernell Butler entered into a "U-Haul equipment rental contract" and addendum (the Rental Agreement) with U-Haul whereby U-Haul granted Ms. Butler and other authorized drivers the use of a U-Haul moving truck for three days. Jake Bell was an authorized driver of the truck. On May 3, 2007, Mr. Bell was driving the truck on Interstate 75 near Ocala when the truck collided with a vehicle operated by Jayne Wakeman. As a result of the collision, Mr. Bell was killed and Ms. Wakeman allegedly sustained serious injuries.

Ms. Butler was appointed as the personal representative of Mr. Bell's estate. After her appointment, Ms. Butler negotiated a settlement of certain claims that Mr. Bell's estate had against U-Haul arising out of the collision. On February 20, 2009, in exchange for $5000, Ms. Butler—acting in her capacity as personal representative—executed a Release of All Claims, Confidentiality and Indemnity Agreement (the Release) in favor of U-Haul and certain related parties. The Release referred to Ms. Butler in her representative capacity as "CLAIMANT" and to U-Haul and its related parties as "the RELEASED PARTIES." The Release provided, in pertinent part, as follows:

1. THE CLAIM

On or about May 3, 2007, an incident occurred on Interstate 75 near the intersection of State Road 200 in Ocala, Marion County, Florida, wherein JAKE BELL, JR. was allegedly injured and died as the result [of] an automobile

- 2 -

accident (the "ÍNCIDENT").  CLAIMANT claims that at the time and place aforesaid, the RELEASED PARTIES were negligent, vicariously liable or are otherwise legally responsible for the injuries and death of JAKE BELL, JR.  CLAIMANT further alleges that the Estate of JAKE BELL, JR. and his survivors have suffered damages allowable under the Florida Wrongful Death Act (collectively, the "DAMAGES").  CLAIMANT affirms that she is the Personal Representative of the Estate of JAKE BELL, JR. and is otherwise qualified by law to settle all claims on behalf of the Estate.  The RELEASED PARTIES have denied and continue to deny any and all responsibility for the DAMAGES complained of by CLAIMANT.

2.  <u>SETTLEMENT AMOUNT</u>

CLAIMANT and the RELEASED PARTIES desire to compromise and settle any and all claims of CLAIMANT arising out of the INCIDENT.  CLAIMANT has agreed to accept the sum of FIVE THOUSAND and 00/100 [DOLLARS] ($5,000.00) ("SETTLEMENT AMOUNT") in compromise and settlement of any and all claims for DAMAGES to him/her, including any not now known or contemplated, arising out of the aforementioned INCIDENT, which he/she, his/her personal representatives, heirs or assigns now have or may have hereafter against the RELEASED PARTIES, and has further agreed to execute this RELEASE in consideration of said payment.  CLAIMANT is responsible for his/her own attorney's fees and costs in connection with the RELEASE and any legal proceedings associated with the INCIDENT.

3.  <u>RELEASE OF CLAIMS</u>

CLAIMANT, for and in consideration of the SETTLEMENT AMOUNT, receipt of which is hereby acknowledged, does hereby remise, release, and forever discharge the RELEASED PARTIES of and from any and all manner of action and actions, cause and causes of action, suits, sums of money, trespasses, agreements, controversies, damages, claims, and demands whatsoever, in law or in equity, which the undersigned ever had, now has, or which he/she or his/her heirs, personal representatives, or assigns hereafter can, shall, or may have against the RELEASED PARTIES for, upon, or by reason of damage to CLAIMANT arising out of the INCIDENT, or for,

upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day and date of these presents. The CLAIMANT declares and represents that the DAMAGES sustained are or may be permanent and progressive in nature and in making this RELEASE, it is understood and agreed that CLAIMANT relies wholly upon the CLAIMANT'S judgment, belief, and knowledge of the nature, extent, effect, and duration of the DAMAGES and liability therefore [sic], and that this RELEASE is given freely without reliance upon any statement or representation of the RELEASED PARTIES or their representatives.

In addition to these paragraphs 1 through 3, the Release contained nine additional paragraphs. The provisions of these additional paragraphs are not pertinent to the determination of the issue before us.

In May 2009, after the Release was signed, Ms. Butler, in her capacity as personal representative of Mr. Bell's estate, filed an action against Ms. Wakeman for the wrongful death of Mr. Bell. Ms. Wakeman, joined by her husband, filed a counterclaim against Mr. Bell's estate.[1] Neither U-Haul nor Mr. Bell's automobile liability insurance carrier, Infinity Insurance Company, defended the counterclaim on behalf of Mr. Bell's estate.[2] Ultimately, the wrongful death claim filed on behalf of Mr. Bell's estate was dismissed. After a bench trial, the Marion County Circuit Court entered a final judgment

---

[1]Ms. Wakeman and her husband also filed their own action against Ms. Butler in her capacity as the personal representative of Mr. Bell's estate. In accordance with the parties' stipulation, this action was abated and the claims made by Ms. Wakeman and her husband were tried in connection with their counterclaim to the complaint filed by Ms. Butler. The Release also pre-dated the separate action filed by Ms. Wakeman and her husband.

[2]The circuit court did not reach the questions of whether either U-Haul or Infinity was required to provide Mr. Bell's estate with such a defense. We express no opinion on these issues.

in favor of Ms. Wakeman and her husband and against Mr. Bell's estate for $2,162,883.90.

On September 21, 2011, Ms. Butler filed the underlying action in the Hillsborough County Circuit Court against U-Haul and Infinity. In count one of her second complaint, Ms. Butler alleged that U-Haul had breached its contractual duty under the Rental Agreement by failing to provide the estate with a defense to the counterclaim brought by Ms. Wakeman and her husband. In count two, Ms. Butler alleged that U-Haul had breached its duty of good faith by failing to settle the claims made against the estate by Ms. Wakeman and her husband. In counts three, four, and five, Ms. Butler asserted various claims against Infinity.

## II. U-HAUL'S MOTION AND THE CIRCUIT COURT'S RULING

U-Haul eventually moved for summary judgment on multiple grounds, including on its defense that the Release executed by Ms. Butler barred the estate's claims. For reasons not pertinent to our discussion, the circuit court ruled that it would hear U-Haul's motion for summary judgment only as it related to the defense based on the Release.

After a hearing, the circuit court granted U-Haul's motion for summary judgment on the ground that the scope of the Release was broad enough to bar Ms. Butler's claims based on the alleged breach of U-Haul's contractual duty to provide the estate with a defense to the claims brought by Ms. Wakeman and her husband. The circuit court ruled as follows:

> Here, [Ms. Butler] argues that the Release applied only to the wrongful death claim [Ms. Butler] made against [U-Haul] and does not apply to the present suit and the

alleged duty to defend.  However, the plain language of the Release indicates otherwise. . . .

. . . .

The Release is extensive and comprehensive.  It lasts "forever," and it bars [Ms. Butler] from bringing "*any and all claims*" against [U-Haul] for "*any and all* manner of action and actions" arising out of the May 3, 2007 collision.  Count I of [Ms. Butler's] Amended Complaint arises out of the May 3, 2007 collision.  The Release is clear and unambiguous, and this Court "cannot indulge in construction or interpretation of its plain meaning." <u>Vermut [v. Gen. Motors Corp, Inc., Cadillac Div.]</u>, 773 So. 2d [126,] 128 [(Fla. 4th DCA 2000) (quoting <u>Hurt v. Leatherby Ins. Co.</u>, 380 So. 2d 432, 433 (Fla. 1980))].  Accordingly, [U-Haul's] Motion for Summary Judgment on Count I of [Ms. Butler's] Second Complaint is hereby GRANTED.

After the entry of the summary judgment, the circuit court entered final judgment in favor of U-Haul on count one, the claim for failure to provide a defense, and on count two, which alleged U-Haul's bad faith failure to settle the claims against the estate, thereby disposing of the entire case as to U-Haul.  The estate's claims against Infinity remained pending.  This appeal followed.

After the circuit court entered summary judgment but before the case was concluded as to U-Haul by the entry of the final judgment, Ms. Butler died.  John E. Moxley was appointed as the successor personal representative of Mr. Bell's estate.  The circuit court entered an order substituting Mr. Moxley as the party plaintiff in the litigation.

### III.  FRAMING THE ISSUE

The issue that we are called upon to decide in this case is quite narrow.  We need only determine if the Release executed by Ms. Butler in favor of U-Haul was sufficiently broad that it released the estate's claims based on the alleged breach of U-

Haul's contractual duties to the estate with regard to the claims brought by Ms. Wakeman and her husband. The circuit court's ruling regarding the scope of a release on a motion for summary judgment is a question of law that we review de novo. See Kirton v. Fields, 997 So. 2d 349, 352 (Fla. 2008) (citing D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003)); Alderman v. BCI Eng'rs & Scientists, Inc., 68 So. 3d 396, 399 (Fla. 2d DCA 2011); AXA Equitable Life Ins. Co. v. Gelpi, 12 So. 3d 783, 785 (Fla. 3d DCA 2009).

## IV. DISCUSSION

In the circuit court, Ms. Butler argued that the scope of the Release was limited to the estate's wrongful death claim against U-Haul and that the Release was inapplicable to the claims made in the underlying action arising out of U-Haul's alleged breach of its contractual duty to defend. In rejecting Ms. Butler's argument for a limited interpretation of the Release, the circuit court focused on the broad language contained in paragraph 3 of the Release. The circuit concluded that the "extensive and comprehensive" language contained in the Release's paragraph 3 barred Ms. Butler "from bringing '*any and all claims*' against [U-Haul] for '*any and all* manner of action and actions' arising out of the May 3, 2007 collision."

In considering the effect to be given to the Release, we begin with "the assumption that the released claims are those that were contemplated by the agreement." Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co., 761 So. 2d 306, 315 (Fla. 2000). We are also guided by the teaching of the Florida Supreme Court that we must give effect to the entire document and not merely consider its provisions in isolation from each other:

> [A]s the district court stated below, " '[t]he construction and effect to be accorded a release depends on its purpose, the terms in which it is stated, and the subject matter to which it applies. . . .  In construing a release and determining the intent of the parties, the entire instrument, and not detached sections of it, is to be examined.' " Cerniglia [v. Cerniglia] 655 So. 2d [172] at 174 [(Fla. 3d DCA 1995)] (quoting Commercial Trading Co. v. Zero Food Storage, Inc., 199 So. 2d 109, 112 (Fla. 3d DCA), cert. denied, 204 So. 2d 332 (Fla. 1967)).

Cerniglia v. Cerniglia, 679 So. 2d 1160, 1164 (Fla. 1996) (some alterations in original); see also Alderman, 68 So. 3d at 401 (citing Commercial Trading Co., 199 So. 2d at 112).

In this case, the circuit court erred in its interpretation of the scope of the Release by focusing unduly on the admittedly broad language of paragraph 3 titled, "RELEASE OF CLAIMS."  The circuit court failed to appreciate that the broad language of paragraph 3 is constrained and limited by the definitions and recitals contained elsewhere in the Release.  Paragraph 1 of the Release, titled "THE CLAIM," contains important recitals and critical provisions defining both the "INCIDENT" that is the subject of the Release and the "DAMAGES" arising out of the "INCIDENT" that the parties intended to release and to discharge.  The Release defines the "INCIDENT" as the event occurring on or about May 3, 2007, "on Interstate 75 near the intersection of State Road 200 in Ocala, Marion County, Florida, wherein JAKE BELL, JR. was allegedly injured and died as the result [of] an automobile accident."  Paragraph 1 also contains a recital of the estate's claims arising out of the "INCIDENT," i.e., that at the time and place described, U-Haul and related parties "were negligent, vicariously liable or are otherwise legally responsible for the injuries and death of JAKE BELL, JR."  Finally, paragraph 1 defines the "DAMAGES" that the estate and Mr. Bell's survivors claim to

have sustained arising out of the "INCIDENT" as "damages allowable under the Florida Wrongful Death Act."

As the Florida Supreme Court instructs, we must read the broad language of the "RELEASE OF CLAIMS" in paragraph 3 in conjunction with the much more restrictive definitions and recitals contained in paragraph 1 concerning "THE CLAIM." So read, one must conclude that the parties' intent as reflected in the instrument was to release only the claims of the estate and the survivors for the wrongful death of Mr. Bell arising out of the collision on May 3, 2007. The definitions and the recitals in paragraph 1 do not suggest that the parties also intended to cause the release of an entirely separate contractual duty that U-Haul might then have or become obligated for in the future to provide a defense to the estate in accordance with the Rental Agreement. Indeed, when Ms. Butler executed the Release in February 2009, U-Haul could not have had a contractual duty to provide a defense that was presently enforceable. Ms. Wakeman and her husband did not file an action against the estate until after the Release was executed. When Ms. Butler executed the Release, U-Haul's alleged contractual duty to provide a defense had not even arisen. U-Haul could not be expected to provide Ms. Butler with a defense for a claim that was yet to be filed.

In paragraph 1 of the Release, the parties took care to limit the scope of the Release by defining the "INCIDENT" and the "DAMAGES" that were its subject. The parties were also careful to include a recital that Ms. Butler's claims arose out of her claim that U-Haul and the other parties being released "were negligent, vicariously liable or are otherwise legally responsible for the injuries and death of JAKE BELL, Jr." In light of the particularity of the definitions and the recitals in paragraph 1, we think that

- 9 -

the parties would have drafted the Release differently if they had intended to cause the release of U-Haul's contractual duty to provide a defense for an action or actions that might be filed in the future. If that had been their intent, then the parties might have either: (1) defined the incident and the damages that were in their contemplation more broadly to include claims for contractual damages resulting from any future breach by U-Haul of the rental agreement, or (2) included a specific provision in paragraph 3 releasing U-Haul from its alleged separate contractual duty to defend. The parties' failure to adopt either of these alternatives supports the conclusion that the scope of the Release was limited to damages arising from a claim for the wrongful death of Mr. Bell.

## V. CONCLUSION

The scope of the Release was not broad enough to release U-Haul from the contractual claims asserted in the underlying action. It follows that the circuit court erred in granting the summary judgment and in entering a final judgment in favor of U-Haul. Accordingly, we reverse the order granting the summary judgment and the resultant final judgment. We remand this case to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.


ALTENBERND and SILBERMAN, JJ., Concur.

- 10 -