# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-336
_____

KRISTOPHER DARWIN ROBINSON,

Appellant,

v.

SABRINA K. ROBINSON,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

January 3, 2018

WETHERELL, J.

Appellant, the former husband, seeks review of the order dismissing the suit he filed against Appellee, the former wife, to set aside the consent final judgment in the parties' divorce proceeding. Because the trial court reached the right result—albeit for the wrong reason—we affirm under the "tipsy coachman" doctrine.

I

The former wife allegedly obtained photos of the former husband and his mistress that were "of a private nature," and she used the photos as leverage in the parties' divorce proceeding to coerce the former husband to enter into a mediated settlement that was favorable to her. The terms of the settlement were

incorporated into a consent final judgment that was entered by the circuit court in Clay County in January 2014.

More than 2½ years later, in August 2016, after several unsuccessful attempts to modify the consent final judgment,[1] the former husband filed a complaint in the circuit court in Duval County seeking to set aside the consent final judgment. The complaint alleged that the former wife told the former husband that "she would expose the photos if she did not get a satisfactory settlement from the [divorce] proceeding" and that the mediator told the former husband that "if [he] did not give [the former wife] what she wanted, with the physical evidence [the former wife] had against [him], [he] would be refused time-sharing with [his] children, would owe alimony . . . in addition to child support and would have to pay thirty thousand dollars ($30,000) in attorney's fees to [the former wife]'s attorney." The complaint asserted that these "strong-arm and extortionate tactics" amounted to "fraud on the court."

The former wife filed a motion to dismiss for improper venue or, alternatively, to transfer the case to Clay County where proceedings to modify the consent final judgment were ongoing. The former husband responded that venue was proper in Duval County because both parties now reside there, and he argued that the case should not be transferred to Clay County because, under *Gordon v. Gordon*, 625 So. 2d 59 (Fla. 4th DCA 1993), "an independent action was required under Florida law to set aside the [consent final judgment] for fraud upon the court because it had been more than a year since the [judgment] was entered."

---

[1] *See Robinson v. Robinson*, 219 So. 3d 933 (Fla. 1st DCA 2017) (affirming portion of the May 2016 order denying former husband's motion to modify his alimony and cost-sharing obligations, but reversing portion of the order that reduced his child support obligation); *Robinson v. Robinson*, 169 So. 3d 1168 (Fla. 1st DCA 2015) (*per curiam* affirmance of the October 2014 order denying former husband's supplemental petition to modify parenting plan).

The trial court granted the motion to dismiss, reasoning that "it is apparent that the same issues raised in this case are also being litigated in [the Clay County case]." The court reiterated this point in the order denying the former husband's motion for rehearing, explaining that "the issues raised in [the former husband]'s complaint in this case are and should be litigated in the Clay County case." The court thereafter entered a final order dismissing this case with prejudice.

II

We review the dismissal order under the *de novo* standard of review, *see Ogborn v. Zingale*, 988 So. 2d 56, 58 (Fla. 1st DCA 2008), and our review focuses on the result reached by the trial court, not its reasoning, *see Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

We agree with the former husband that the trial court should not have dismissed the case with prejudice based on the venue motion filed by the former wife. Venue was proper in Duval County because both parties reside there, *see* section 47.011, Florida Statutes, and transfer—not dismissal—is the proper remedy where the trial court determines that there is a more convenient forum, *see* section 47.122, Florida Statutes. Moreover, abatement—not dismissal—would have been the proper remedy if the trial court was correct in concluding that the issues raised in this case were the same as those being litigated in the earlier-filed Clay County case. *See Dhondy v. Schimpeler*, 528 So. 2d 403 (Fla. 3d DCA 1988).

Nevertheless, the trial court correctly dismissed the case because the complaint alleges *intrinsic* fraud that had to be—but was not—raised within one year after the consent final judgment was entered. *See Cerniglia v. Cerniglia*, 679 So. 2d 1160, 1163 (Fla. 1996) (holding that "allegations of coercion and duress . . . constitute intrinsic fraud and [a]re thus subject to the one-year limitation for seeking relief from the final judgment"); *Champion v. McDaniel*, 740 So. 2d 17, 19 (Fla. 1st DCA 1999) (reversing order

3

setting aside marital settlement agreement based on motion for relief from judgment that was filed more than a year after entry of the judgment incorporating the agreement because the claims raised in the motion—which included a claim that the wife "pressured [the husband] into signing the agreement after confronting him with his admitted adultery"—did not amount to fraud on the court but rather merely showed that the wife "was in a superior bargaining position to [the husband]"); Fla. Fam. L. R. P. 12.540(b) (requiring motions for relief from judgment alleging fraud—whether intrinsic or extrinsic—to be filed "not more than 1 year after the judgment . . . was entered").

The *Gordon* case on which the former husband relies for the proposition that the former wife's actions constitute *extrinsic* fraud (or "fraud on the court") that can be raised in an independent action filed more than a year after the consent final judgment was entered is no longer good law based on Florida Supreme Court's subsequent decision in *Cerniglia*, which unequivocally held that "allegations of coercion and duress . . . constitute intrinsic fraud and [a]re thus subject to the one-year limitation for seeking relief from the final judgment." 679 So. 2d at 1163. The Court based this holding on the fact that "[t]he parties' voluntary assent to the [allegedly coerced] agreement was also 'an issue before [the] court for resolution, and the complaining party could have addressed the issue in the proceeding.'" *Id.* (quoting *DeClaire v. Yohanan*, 453 So. 2d 375, 380 (Fla. 1984)). And, like the dissent in *Gordon*, the Court expressed concern that "expand[ing] the definition of fraud on the court to include . . . claims [of duress, coercion, and deceit] would negatively impact the finality of judgments." *Carneglia,* 679 So. 2d at 1164*; accord Gordon*, 625 So. 2d at 64 (Polen, J., dissenting) (criticizing the majority's decision that claims of coercion and duress constitute extrinsic fraud that can be used to set aside a judgment more than one year after it is entered because the decision "is almost certain to 'open the floodgates' for further judicial review of domestic relations cases previously thought to have been settled").

We recognize that, after *Cerniglia*, the Fifth District reversed an order denying a husband relief from a final judgment that adopted a mediation agreement allegedly obtained by the wife through extortion because the wife's presentation of the extorted

4

agreement to the trial court for approval was "a fraud on the court." *Cooper v. Austin*, 750 So. 2d 711, 713 (Fla. 5th DCA 2000). However, that case is not contrary authority because the husband in the case raised the claim through an "Amended Motion for Relief," *id.* at 714 (Griffin, J., dissenting) (quoting trial court's order)—not an independent action—which suggests that the claim was raised within one year of the judgment adopting the mediation agreement. Moreover, the narrow issue actually decided by the Fifth District was whether the husband proved the alleged extortion, not whether he timely raised the claim.

## III

For the reasons stated above, the dismissal order is AFFIRMED.

LEWIS and WINSOR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Kristopher D. Robinson of Robinson Collins P.L., Jacksonville, for Appellant.

J. Stephen Alexander of Alexander Law Firm, LLC, St. Augustine, for Appellee.